

1661 Page Mill Road
Suite A, Palo Alto, CA 94304 • (650) 461-7700

January 9, 2018

Teri H.P Nguyen
(650) 461-7704
thpnguyen@polsinelli.com

*VIA ECF*

Hon. Judge William Alsup
U.S. District Court, Northern District
San Francisco Courthouse, Ctrm 12 – 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *Swarmify, Inc. v. Cloudflare, Inc.*
               Case No. 3:17-cv-06957-WHA

               **Emergency Request for Deposition of Mr. Nathan Barnett for Purposes
               of Responding to Plaintiff's Motion for Preliminary Injunction**

Dear Judge Alsup:

      Pursuant to the Court's Standing Order, "Supplemental Order to Order Setting Initial CMC in Civil Cases," Defendant Cloudflare, Inc. ("Cloudflare") hereby submits this letter requesting emergency relief from the Court to compel the deposition of Nathan Barnett, the Chief Executive Officer of Plaintiff Swarmify, Inc. ("Swarmify").

      Swarmify filed a Motion for Preliminary Injunction ("PI Motion") seeking to shut down the launch of Cloudflare's new video-streaming product, based on an alleged theft of trade secrets and misuse of confidential information. *See* ECF No. 19-21. Swarmify's PI Motion attaches the Declaration of Nathan Barnett, Swarmify's CEO. *See* ECF No. 19-1.

      Mr. Barnett's declaration forms the evidentiary backbone of Swarmify's PI Motion. The 11-page declaration (with 12 attached exhibits) (i) identifies Swarmify's alleged trade secret, (ii) discusses the steps that Swarmify has allegedly taken to keep its alleged trade secret confidential, (iii) discusses the value of the alleged trade secret, (iv) recounts how Swarmify transmitted its alleged trade secret to Cloudflare, (v) offers an opinion that Cloudflare implemented Swarmify's alleged trade secret without authorization, and (vi) recounts the alleged harm Swarmify has purportedly suffered due to Cloudflare. *See* ECF No. 19-1, Barnett Decl. ¶¶ 5, 10-25, 32-36, 42-44.

polsinelli.com

Atlanta    Boston    Chicago    Dallas    Denver    Houston    Kansas City    Los Angeles    Nashville    New York    Phoenix
St. Louis    San Francisco    Washington, D.C.    Wilmington
Polsinelli PC, Polsinelli LLP in California



But the declaration does not tell the whole story.  For example:

- Mr. Barnett fails to explain Swarmify's own public disclosures concerning its product, his knowledge of public research in distributed video streaming, and why he believes that his "novel" technology has not yet been granted a patent, despite years of prosecution.

- Mr. Barnett claims, in a conclusory fashion, that Swarmify has protected the sanctity of its alleged trade secrets, but has not disclosed the specific policies or agreements that Swarmify allegedly relies on. *Id.* ¶¶ 10-14.

- Mr. Barnett claims to have had "numerous conversations" with Cloudflare "representatives" about Swarmify's alleged trade secrets, without providing specific details about who Mr. Barnett spoke with, when they spoke, or the specific content of their communications.[1] *Id.* ¶¶ 25, 27, 35, 38.

- Mr. Barnett does not address the fact that some of Swarmify's code is publicly available, nor does Mr. Barnett explain the functionality of that code.

Cross-examining Mr. Barnett on this testimony—and the facts left out of his declaration—will allow Cloudflare and the Court to evaluate the alleged factual basis for Swarmify's PI Motion.

Prior to submitting this request for relief, counsel for Cloudflare met and conferred with counsel for Swarmify telephonically and electronically to discuss the issues set forth in this letter brief, as well as the basis for Cloudflare's request.  Mr. Steven Callahan, co-counsel for Cloudflare asked Ms. Sarah Spires and Ms. Mieke Malmberg, counsel for Swarmify, to tender Mr. Barnett for a half-day deposition, to ensure that the Court has a complete story when evaluating the merits of Swarmify's PI Motion.  But Swarmify refuses to make Mr. Barnett

---

[1] For example, Mr. Barnett states, "I had numerous conversations with Cloudflare in which I and they both mentioned that the information being discussed—including Swarmify's Confidential Information and its Technology—was confidential under the NDA." *Id.* ¶ 25.  And "Swarmify sent Cloudflare much other information pursuant to the confidentiality provisions of the NDA, and engaged in many conversations with Cloudflare about confidential topics pursuant to those provisions." *Id.* ¶ 36.



available for a half-day deposition prior to Cloudflare's response deadline of January 18, 2018.[2] While Swarmify claims that busy schedules prevent the deposition, Swarmify also refused to extend the preliminary-injunction hearing deadline to allow Cloudflare to take the deposition. In essence, Swarmify contends that the Court can rely on Mr. Barnett's declaration to shut down a line of Cloudflare's business without subjecting him to cross-examination.

      For these reasons, Cloudflare asks the Court to require Mr. Barnett to sit for a half-day deposition on Tuesday, January 16, 2018, in Melbourne, Florida (where Mr. Barnett lives), or on another agreed-upon date prior to the January 18, 2018 response deadline. Alternatively, Cloudflare respectfully requests that the Court extend the preliminary-injunction briefing schedule and require Mr. Barnett to sit for deposition prior to Cloudflare's response deadline.

                          Sincerely,

                          Teri H.P Nguyen
                          Counsel for Defendant Cloudflare, Inc.

Steve Callahan (*Pro Hac Vice*)
scallahan@ccrglaw.com
CHARHON CALLAHAN
ROBSON & GARZA, PLLC
Counsel for Defendant Cloudflare, Inc.

---

[2] This is so despite Swarmify arguing that Cloudflare "threatens Swarmify's very existence" (ECF No. 19 at 23) and advising that it is "not opposed to putting Mr. Barnett up for deposition" (*see* Exhibit A, which is a true and correct copy of electronic correspondence dated January 8, 2018 and January 9, 2018 between Mr. Steven Callahan, co-counsel for Cloudflare, and Ms. Sarah Spires and Ms. Mieke Malmberg, counsel for Swarmify).

# Exhibit A

# Steven Callahan

| | |
|---|---|
| **From:** | Mieke Malmberg <mmalmberg@skiermontderby.com> |
| **Sent:** | Tuesday, January 9, 2018 5:17 PM |
| **To:** | Steven Callahan |
| **Cc:** | Sarah E. Spires; Christopher Hodge; Brett Charhon; Anthony Garza; Margaux Savee; Teri Nguyen |
| **Subject:** | Re: Deposition of Nathan Barnett |

Steve -
Thanks for your call concerning your motion to compel. To be clear, we are not opposing the deposition; we (and our client) are just unable to accommodate the time frame in which you have requested it. Additionally, the necessity of a deposition occurring on this expedited basis remains in question.
Best,
Mieke


Mieke K. Malmberg | Skiermont Derby LLP
800 Wilshire Blvd., Suite 1450, Los Angeles, CA 90017
P: 213.788.4502 | F: 213.788.4545 | skiermontderby.com

This message is the property of Skiermont Derby LLP and may contain privileged information or attorney work product. If this message has been delivered to you by mistake, then do not copy or deliver this message to anyone. Instead, destroy it and notify me by reply e-mail.

> On Jan 9, 2018, at 2:17 PM, Steven Callahan <scallahan@ccrglaw.com> wrote:
>
> Sarah,
>
> We intend to file an Emergency Motion to Compel Mr. Barnett's deposition later this evening. I've left voice mails for you, Mieke and, Chris on this seeking to meet and confer. Please give me a call when one of you has a chance, so that we can hopefully avoid having to file the motion.
>
> Thanks,
>
> S.C.

**From:** Sarah E. Spires [mailto:sspires@skiermontderby.com]
**Sent:** Tuesday, January 9, 2018 11:57 AM
**To:** Steven Callahan <scallahan@ccrglaw.com>; Christopher Hodge <chodge@skiermontderby.com>; Mieke Malmberg <mmalmberg@skiermontderby.com>
**Cc:** Brett Charhon <bcharhon@ccrglaw.com>; Anthony Garza <agarza@ccrglaw.com>
**Subject:** RE: Deposition of Nathan Barnett

Steve,

We have spoken to our client, and given the late date, we are unable to accommodate a deposition between now and January 18th.

Best,

Sarah

---

Sarah E. Spires | Skiermont Derby LLP
1601 Elm Street, Suite 4400, Dallas, Texas 75201
P: 214.978.6613 | F: 214.978.6601 | skiermontderby.com

---

**From:** Steven Callahan [mailto:scallahan@ccrglaw.com]
**Sent:** Tuesday, January 09, 2018 11:36 AM
**To:** Sarah E. Spires <sspires@skiermontderby.com>; Christopher Hodge <chodge@skiermontderby.com>; Mieke Malmberg <mmalmberg@skiermontderby.com>
**Cc:** Brett Charhon <bcharhon@ccrglaw.com>; Anthony Garza <agarza@ccrglaw.com>; Steven Callahan <scallahan@ccrglaw.com>
**Subject:** RE: Deposition of Nathan Barnett

Sarah,

I wanted to follow up on below. We can do the deposition on January 11, 12, 13, 14, 15, 16, and 17. Please let us know what date(s) will work for Swarmify.

Thanks,

S.C.

---

**From:** Steven Callahan
**Sent:** Monday, January 8, 2018 5:26 PM
**To:** Sarah E. Spires <sspires@skiermontderby.com>; Christopher Hodge <chodge@skiermontderby.com>; Mieke Malmberg <mmalmberg@skiermontderby.com>
**Cc:** Brett Charhon <bcharhon@ccrglaw.com>; Anthony Garza <agarza@ccrglaw.com>; Steven Callahan <scallahan@ccrglaw.com>
**Subject:** RE: Deposition of Nathan Barnett

Thanks, what date(s) would work between now and Jan. 18?

---

**From:** Sarah E. Spires [mailto:sspires@skiermontderby.com]
**Sent:** Monday, January 8, 2018 5:24 PM
**To:** Steven Callahan <scallahan@ccrglaw.com>; Christopher Hodge <chodge@skiermontderby.com>; Mieke Malmberg <mmalmberg@skiermontderby.com>
**Cc:** Brett Charhon <bcharhon@ccrglaw.com>; Anthony Garza <agarza@ccrglaw.com>
**Subject:** RE: Deposition of Nathan Barnett

Steve,

We are not opposed to putting Mr. Barnett up for deposition (although we do not think such a deposition is necessary to respond to Swarmify's motion), and have looked into whether we can accommodate your request. However, on such late notice, and with only two days offered for a potential deposition (one of which is a holiday), we are not able to do so on the dates you have requested.

Best,

Sarah

---

Sarah E. Spires | Skiermont Derby LLP
1601 Elm Street, Suite 4400, Dallas, Texas 75201
P: 214.978.6613 | F: 214.978.6601 | skiermontderby.com

**From:** Steven Callahan [mailto:scallahan@ccrglaw.com]
**Sent:** Monday, January 08, 2018 1:14 PM
**To:** Sarah E. Spires <sspires@skiermontderby.com>; Christopher Hodge <chodge@skiermontderby.com>; Mieke Malmberg <mmalmberg@skiermontderby.com>
**Cc:** Brett Charhon <bcharhon@ccrglaw.com>; Anthony Garza <agarza@ccrglaw.com>; Steven Callahan <scallahan@ccrglaw.com>
**Subject:** Deposition of Nathan Barnett

All,

==Prior to filing our response to Swarmify's motion for temporary injunction, and in view of the declaration he submitted with the temporary injunction motion, we'd like to take Nathan Barnett's deposition.== We'd limit the deposition to a half day. At this point, it looks like next Monday or next Tuesday (January 15-16) are the days the deposition would have to be conducted on. Please let us know whether Swarmify will agree to put Mr. Barnett up for deposition.

Thanks,

    S.C.

**Steven Callahan**
**Charhon Callahan**
**Robson & Garza, PLLC**
**3333 Lee Parkway, Suite 460**
**Dallas, TX 75219**
**469-587-7240**
scallahan@ccrglaw.com

This e-mail is confidential and subject to the attorney client and attorney work product privileges.