| | |
|---|---|
| SARAH E. SPIRES (SBN 252917)<br>sspires@skiermontderby.com<br>PAUL J. SKIERMONT<br>(*pro hac vice*)<br>pskiermont@skiermontderby.com<br>CHRISTOPHER HODGE<br>(*pro hac vice*)<br>chodge@skiermontderby.com<br>SKIERMONT DERBY LLP<br>1601 Elm Street, Suite 4400<br>Dallas, Texas 75201<br>Telephone: (214) 978-6600<br>Facsimile: (214) 978-6601 | MIEKE K. MALMBERG (SBN 209992)<br>mmalmberg@skiermontderby.com<br>SKIERMONT DERBY LLP<br>800 Wilshire Boulevard, Suite 1450<br>Los Angeles, California 90017<br>Telephone: (213) 788-4500<br>Facsimile: (213) 788-4545 |

*Attorneys for Plaintiff Swarmify, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SWARMIFY, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CLOUDFLARE, INC., a Delaware corporation,<br><br>Defendants. | CASE NO. 3:17-cv-06957 WHA<br><br>**DECLARATION OF NATHAN BARNETT IN SUPPORT OF PLAINTIFF'S MOTION TO FILE UNDER SEAL SWARMIFY'S DISCLOSURE OF TRADE SECRETS PURSUANT TO CAL. CIV. CODE § 2019.210**<br><br>Judge: Hon. William H. Alsup<br><br>Action Filed: December 6, 2017<br>Trial Date: None Set |

I, Nathan Barnett, declare as follows:

1. My name is Nathan Barnett. I am the CEO and co-founder of Swarmify, Inc. ("Swarmify") and am submitting this declaration in support of Plaintiff's Administrative Motion to File under Seal Swarmify's Disclosure of Trade Secrets Pursuant to Cal. Civ. Code § 2019.210 ("Motion to Seal"). It is by virtue of my position with Swarmify, as well as my personal involvement with the below events, that I have personal knowledge of the matters set forth below.

2. After years of research and effort, Swarmify developed its own proprietary method for streaming internet video, and particularly for accelerating video delivery while minimizing buffering (the "Technology"). Swarmify's Technology, which it markets to and is used by internet content providers throughout the United States and worldwide, makes internet video vastly more reliable and affordable. Marketing and delivery of the Technology constitutes Swarmify's primary business and source of income.

3. Swarmify considers this Technology, as well as the research and information used in development of the Technology and the methods used in its implementation, to be its confidential and proprietary information (the "Confidential Information").

4. Swarmify goes to great lengths to protect its Technology and Proprietary Information. For example, it filed its patent application relating to the Technology subject to a nonpublication request in accordance with 35 U.S.C. § 122 and 37 C.F.R. § 1.213, in order to keep its competitors from gaining access to the details of its Technology and replicating it before Swarmify received a patent. Additionally, among other steps, Swarmify requires its employees to sign confidentiality agreements; it has implemented and enforced company policies that require confidentiality; it has limited disclosure of its Technology and Confidential Information on a "need-to-

know" basis; it maintains physical security over its offices and over its computer systems; and it limits the extent to which it discloses its Technology and Confidential Information to external business partners and other third parties, ensuring that only necessary information is disclosed to such parties and making such disclosures pursuant to nondisclosure agreements with those parties.

5. If Swarmify's Technology and Confidential Information were made public, its competitors would enjoy the benefits of Swarmify's innovation, and of its significant time and monetary investment into research and development of the Technology, at little to no cost to those competitors. Swarmify's competitors could then crowd it out of the market and significantly damage it financially, given that the Technology comprises Swarmify's primary product in the market.

6. Swarmify's Disclosure of Trade Secrets Pursuant to Cal. Civ. Code § 2019.210 contains, throughout the entire document, descriptions of Swarmify's confidential, proprietary, and trade secret information. It sets forth, in detail, Swarmify's Technology and its methods for video streaming. As noted above, disclosure of this material will place Swarmify at a competitive disadvantage in the market for video streaming services. If made public, Swarmify's competitors would have access to Swarmify's sensitive trade secrets and could replicate Swarmify's confidential and proprietary processes. Good cause therefore exists to permit Swarmify to file these limited documents in redacted form or under seal.

[SIGNATURE ON FOLLOWING PAGE]

I declare under penalty of perjury that the foregoing is true and correct. Executed this 22d day of January, 2018, in Melbourne, Florida.

Respectfully submitted,

_____

Nathan Barnett

# CERTIFICATE OF SERVICE

Pursuant to Civil Local Rule 5-5, I hereby certify that on the 23d day of January 23, 2018, the foregoing document was served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Pursuant to Civil Local Rule 5-5 and Federal Rule of Civil Procedure 5(b)(2), I further certify that on the 23d day of January, 2018, the foregoing document was served on Defendant Cloudflare, Inc., by mailing, personally serving, and e-mailing the document at its last-known address, as follows:

101 Townsend Street
San Francisco, California 94107
scoates@cloudflare.com

Dated: January 23, 2018        Respectfully submitted,

                                           SKIERMONT DERBY LLP


                                           By: */s/ Sarah E. Spires*
                                              Sarah E. Spires

                                              Attorney for Swarmify, Inc.