1   Counsel listed on the signature page

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12   SWARMIFY, INC., a Delaware          CASE NO.  3:17-cv-06957-WHA
     corporation,
13                                        **JOINT STIPULATED PROTECTIVE ORDER**
                    Plaintiff,
14                                        Judge:   Hon. William Alsup
            v.
15
     CLOUDFLARE, INC., a Delaware
16   corporation,

17                  Defendant.

18

19

20

21

22

23

24

25

26

27

28

62199781.1

1  **I.     PURPOSES AND LIMITATIONS**

2          Disclosure and discovery activity in this action are likely to involve production of confidential,

3  proprietary, or private information for which special protection from public disclosure and from use for

4  any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby

5  stipulate to and petition the court to enter the following Stipulated Protective Order. The parties

6  acknowledge that this Order does not confer blanket protections on all disclosures or responses to

7  discovery and that the protection it affords from public disclosure and use extends only to the limited

8  information or items that are entitled to confidential treatment under the applicable legal principles. The

9  parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does

10 not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures

11 that must be followed and the standards that will be applied when a party seeks permission from the court

12 to file material under seal.

13 **II.    <u>DEFINITIONS</u>**

14         2.1     <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of

15 information or items under this Order.

16         2.2     <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is

17 generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

18 of Civil Procedure 26(c).[1]

19         2.3     <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as

20 well as their support staff).

21         2.4     <u>Designated House Counsel</u>:  House Counsel who seek access to "HIGHLY

22 CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

23         2.5     <u>Designating Party</u>:  a Party or Non-Party that designates information or items that

24 it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

25 CONFIDENTIAL – ATTORNEYS' EYES ONLY."

26 ──────────────

[1] The Parties agree and acknowledge that no source code has been exchanged between them and
27 do not presently contemplate the disclosure of any source code in this case. Nevertheless, should
it be necessary or advisable to produce source code, the Parties agree that they will work together
28 to request that the Court enter a protective order governing source code.

2.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, or that are otherwise exchanged in connection with this lawsuit pursuant to this Stipulated Protective Order.

2.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. The Parties agree that any documents or information exchanged between themselves prior to December 6, 2017, cannot be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.9     House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors:  persons or entities that provide litigation support services

- 2 -

1  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

2  organizing, storing, or retrieving data in any form or medium) and their employees and

3  subcontractors.

4      2.15   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as

5  "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6      2.16   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing

7  Party.

8  **III.   <u>SCOPE</u>**

9      The protections conferred by this Stipulation and Order cover not only Protected Material

10  (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

11  all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

12  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

13  However, the protections conferred by this Stipulation and Order do not cover the following

14  information: (a) any information that is in the public domain at the time of disclosure to a

15  Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

16  a result of publication not involving a violation of this Order, including becoming part of the

17  public record through trial or otherwise, except where the information entered the public domain

18  in an alleged violation of an obligation of confidentiality to the Designating Party; and (b) any

19  information known to the Receiving Party prior to the disclosure or obtained by the Receiving

20  Party after the disclosure from a source who obtained the information lawfully and under no

21  obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall

22  be governed by a separate agreement or order.

23  **IV.   <u>DURATION</u>**

24      Even after final disposition of this litigation, the confidentiality obligations imposed by

25  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

26  order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

27  claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

28  the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

JOINT STIPULATED PROTECTIVE ORDER
CASE NO. 3:17-CV-06957-WHA

1  including the time limits for filing any motions or applications for extension of time pursuant to
2  applicable law.

3  **V.      DESIGNATING PROTECTED MATERIAL**

4          5.1     Exercise of Restraint and Care in Designating Material for Protection.  Each Party
5  or Non-Party that designates information or items for protection under this Order must take care
6  to limit any such designation to specific material that qualifies under the appropriate standards.
7  To the extent it is practical to do so, the Designating Party must designate for protection only
8  those parts of material, documents, items, or oral or written communications that qualify – so that
9  other portions of the material, documents, items, or communications for which protection is not
10 warranted are not swept unjustifiably within the ambit of this Order.

11         Mass, indiscriminate, or routinized designations are prohibited. Designations that are
12 shown to be clearly unjustified or that have been made for an improper purpose (e.g., to
13 unnecessarily encumber or retard the case development process or to impose unnecessary
14 expenses and burdens on other parties) expose the Designating Party to sanctions.

15         If it comes to a Designating Party's attention that information or items that it designated
16 for protection do not qualify for protection at all or do not qualify for the level of protection
17 initially asserted, that Designating Party must promptly notify all other parties that it is
18 withdrawing the mistaken designation.

19         5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see,
20 e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or
21 Discovery Material that qualifies for protection under this Order must be clearly so designated before the
22 material is disclosed or produced.

23         Designation in conformity with this Order requires:

24         a)      for information in documentary form (e.g., paper or electronic documents, but
25 excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing
26 Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
27 EYES ONLY" to each page that contains protected material. If only a portion or portions of the
28 material on a page qualifies for protection, the Producing Party also must clearly identify the

                                              JOINT STIPULATED PROTECTIVE ORDER
                                              CASE NO. 3:17-CV-06957-WHA

protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

b)      for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

JOINT STIPULATED PROTECTIVE ORDER
CASE NO. 3:17-CV-06957-WHA

62199781.1

1    Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

2    other proceeding to include Protected Material so that the other parties can ensure that only

3    authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

4    (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

5    shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

6    CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7    Transcripts containing Protected Material shall have an obvious legend on the title page

8    that the transcript contains Protected Material, and the title page shall be followed by a list of all

9    pages (including line numbers as appropriate) that have been designated as Protected Material and

10    the level of protection being asserted by the Designating Party. The Designating Party shall

11    inform the court reporter of these requirements. Any transcript that is prepared before the

12    expiration of a 21-day period for designation shall be treated during that period as if it had been

13    designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

14    otherwise agreed. After the expiration of that period, the transcript shall be treated only as

15    actually designated.

16    c)    for information produced in some form other than documentary and for any other

17    tangible items, that the Producing Party affix in a prominent place on the exterior of the container

18    or containers in which the information or item is stored the legend "CONFIDENTIAL" or

19    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of

20    the information or item warrant protection, the Producing Party, to the extent practicable, shall

21    identify the protected portion(s) and specify the level of protection being asserted.

22    5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

23    designate qualified information or items does not, standing alone, waive the Designating Party's

24    right to secure protection under this Order for such material. Upon timely correction of a

25    designation, the Receiving Party must make reasonable efforts to assure that the material is

26    treated in accordance with the provisions of this Order.

27    **VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

28    6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of

- 6 -    JOINT STIPULATED PROTECTIVE ORDER
CASE NO. 3:17-CV-06957-WHA

62199781.1

1    confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

2    designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

3    burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

4    challenge a confidentiality designation by electing not to mount a challenge promptly after the

5    original designation is disclosed.

6        6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution

7    process by providing written notice of each designation it is challenging and describing the basis

8    for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

9    notice must recite that the challenge to confidentiality is being made in accordance with this

10   specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in

11   good faith and must begin the process by conferring directly (in voice to voice dialogue; other

12   forms of communication are not sufficient) within 14 days of the date of service of notice. In

13   conferring, the Challenging Party must explain the basis for its belief that the confidentiality

14   designation was not proper and must give the Designating Party an opportunity to review the

15   designated material, to reconsider the circumstances, and, if no change in designation is offered,

16   to explain the basis for the chosen designation. A Challenging Party may proceed to the next

17   stage of the challenge process only if it has engaged in this meet and confer process first or

18   establishes that the Designating Party is unwilling to participate in the meet and confer process in

19   a timely manner.

20       6.3    Judicial Intervention.  If the Parties cannot resolve a challenge without court

21   intervention, the Designating Party shall file and serve a motion to retain confidentiality under

22   Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days

23   of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer

24   process will not resolve their dispute, whichever is earlier. Each such motion must be

25   accompanied by a competent declaration affirming that the movant has complied with the meet

26   and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to

27   make such a motion including the required declaration within 21 days (or 14 days, if applicable)

28   shall automatically waive the confidentiality designation for each challenged designation. In

- 7 -

JOINT STIPULATED PROTECTIVE ORDER
CASE NO. 3:17-CV-06957-WHA

1    addition, the Challenging Party may file a motion challenging a confidentiality designation at any

2    time if there is good cause for doing so, including a challenge to the designation of a deposition

3    transcript or any portions thereof. Any motion brought pursuant to this provision must be

4    accompanied by a competent declaration affirming that the movant has complied with the meet

5    and confer requirements imposed by the preceding paragraph.

6        The burden of persuasion in any such challenge proceeding shall be on the Designating

7    Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

8    unnecessary expenses and burdens on other parties) may expose the Challenging Party to

9    sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

10   file a motion to retain confidentiality as described above, all parties shall continue to afford the

11   material in question the level of protection to which it is entitled under the Producing Party's

12   designation until the court rules on the challenge.

13   **VII.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

14       7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed

15   or produced by another Party or by a Non-Party in connection with this case only for prosecuting,

16   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

17   the categories of persons and under the conditions described in this Order. When the litigation has

18   been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL

19   DISPOSITION).

20       Protected Material must be stored and maintained by a Receiving Party at a location and

21   in a secure manner that ensures that access is limited to the persons authorized under this Order.

22       7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise

23   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

24   disclose any information or item designated "CONFIDENTIAL" only to:

25       a)    the Receiving Party's Outside Counsel of Record in this action, as well as

26   employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

27   information for this litigation. Outside Counsel of Record and their employees need not sign the

28   "Acknowledgement and Agreement to Be Bound" (Exhibit A) but are considered bound by that

- 8 -       JOINT STIPULATED PROTECTIVE ORDER
            CASE NO. 3:17-CV-06957-WHA

62199781.1

1   agreement upon entry of this Stipulation and Order;

2        b)      the officers, directors, and employees (including House Counsel) of the Receiving

3   Party to whom disclosure is reasonably necessary for this litigation and who have signed the

4   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5        c)      Experts (as defined in this Order) of the Receiving Party to whom disclosure is

6   reasonably necessary for this litigation and who have signed the "Acknowledgment and

7   Agreement to Be Bound" (Exhibit A);

8        d)      the court and its personnel;

9        e)      court reporters and their staff, professional jury or trial consultants, and

10  Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

11  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12       f)      during their depositions, witnesses in the action to whom disclosure is reasonably

13  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

14  unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

15  deposition testimony or exhibits to depositions that reveal Protected Material must be separately

16  bound by the court reporter and may not be disclosed to anyone except as permitted under this

17  Stipulated Protective Order.

18       g)      the author or recipient of a document containing the information or a custodian or

19  other person who otherwise possessed or knew the information.

20       7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

21  Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

22  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

23  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

24       a)      the Receiving Party's Outside Counsel of Record in this action, as well as

25  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

26  information for this litigation. Outside Counsel of Record and their employees need not sign the

27  "Acknowledgement and Agreement to Be Bound" (Exhibit A) but are considered bound by that

28  agreement upon entry of this Stipulation and Order;

JOINT STIPULATED PROTECTIVE ORDER
CASE NO. 3:17-CV-06957-WHA

62199781.1

b)      Designated House Counsel of the Receiving Party (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

c)      Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) either (a) are not a current officer, director, or employee of the Receiving Party or anticipated to become one, or (b) if a current officer, director, or employee of the Receiving Party or anticipated to become one, as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

d)      the court and its personnel;

e)      court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

f)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4     <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Designated House Counsel or Experts.</u>

(a)(1)  Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to Designated House Counsel any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (2) describes the Designated House Counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if House Counsel is involved, or may become involved, in any competitive decision-making.

(a)(2)  Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item

JOINT STIPULATED PROTECTIVE ORDER
CASE NO. 3:17-CV-06957-WHA

62199781.1

1   that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant

2   to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies

3   the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

4   information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the

5   full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy

6   of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each

7   person or entity from whom the Expert has received compensation or funding for work in his or

8   her areas of expertise or to whom the expert has provided professional services, including in

9   connection with a litigation, at any time during the preceding five years, and (6) identifies (by

10  name and number of the case, filing date, and location of court) any litigation in connection with

11  which the Expert has offered expert testimony, including through a declaration, report, or

12  testimony at a deposition or trial, during the preceding five years.

13          b)      A Party that makes a request and provides the information specified in the

14  preceding respective paragraphs may disclose the subject Protected Material to the identified

15  Designated House Counsel or Expert unless, within 14 days of delivering the request, the Party

16  receives a written objection from the Designating Party. Any such objection must set forth in

17  detail the grounds on which it is based.

18          c)      A Party that receives a timely written objection must meet and confer with the

19  Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

20  agreement within seven days of the written objection. If no agreement is reached, the Party

21  seeking to make the disclosure to Designated House Counsel or the Expert may file a motion as

22  provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

23  seeking permission from the court to do so. Any such motion must describe the circumstances

24  with specificity, set forth in detail the reasons why the disclosure to Designated House Counsel or

25  the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and

26  suggest any additional means that could be used to reduce that risk. In addition, any such motion

27  must be accompanied by a competent declaration describing the parties' efforts to resolve the

28  matter by agreement (i.e., the extent and the content of the meet and confer discussions) and

JOINT STIPULATED PROTECTIVE ORDER
                                                CASE NO. 3:17-CV-06957-WHA

1  setting forth the reasons advanced by the Designating Party for its refusal to approve the

2  disclosure.

3      In any such proceeding, the Party opposing disclosure to Designated House Counsel or the

4  Expert shall bear the burden of proving that the risk of harm that the disclosure would entail

5  (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected

6  Material to its Designated House Counsel or Expert.

7  **VIII.   PROSECUTION BAR**

8      Absent written consent from the Producing Party, any individual who receives access to

9  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be involved

10  in the prosecution of patents or patent applications relating to video-streaming technology,

11  including without limitation the Swarmify patent application implicated in this action and any

12  patent or application claiming priority to or otherwise related to said patent application, before

13  any foreign or domestic agency, including the United States Patent and Trademark Office ("the

14  Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly

15  drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims,

16  whether in an original prosecution, reissue, or reexamination proceedings.  To avoid any doubt,

17  "prosecution" as used in this paragraph does not include representing a party challenging a patent

18  before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte*

19  reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to

20  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is first received by

21  the affected individual and shall end two (2) years after final termination of this action.

22  Notwithstanding anything herein to the contrary, this paragraph shall not prevent an Expert who

23  has access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information from

24  prosecuting (or assisting with the prosecution of) his or her own patents or patent applications;

25  provided, however, that all other provisions of this Stipulated Protective Order shall apply to such

26  prosecution activities.

27

28

JOINT STIPULATED PROTECTIVE ORDER
CASE NO. 3:17-CV-06957-WHA

62199781.1

1

2

## IX.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

3

4

5

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

6

7

a)      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

8

9

10

11

b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

12

13

c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

14

15

16

17

18

19

20

21

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

22

23

## X.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

24

25

26

27

28

a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

- 13 -

62199781.1

b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XI.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XII.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If information is produced in discovery that is subject to a claim of privilege or of

1   protection as trial-preparation material, the party making the claim may notify any party that

2   received the information of the claim and the basis for it. After being notified, a party must

3   promptly return or destroy the specified information and any copies it has and may not sequester,

4   use or disclose the information until the claim is resolved. This includes a restriction against

5   presenting the information to the court for a determination of the claim; however, the party

6   claiming privilege shall work in good faith to provide any such documents to the court in the

7   event the privilege claim is disputed. This Stipulated Protective Order constitutes an order that the

8   privilege or protection is not waived by disclosure connected with litigation pending before the

9   Court, such that the disclosure is also not a waive in any other federal or state proceeding

10  pursuant to Federal Rule of Evidence 502(d).

11  **XIII.   MISCELLANEOUS**

12      13.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to

13  seek its modification by the court in the future.

14      13.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective

15  Order no Party waives any right it otherwise would have to object to disclosing or producing any

16  information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

17  Party waives any right to object on any ground to use in evidence of any of the material covered

18  by this Protective Order.

19      13.3   <u>Filing Protected Material</u>.  Without written permission from the Designating Party

20  or a court order secured after appropriate notice to all interested persons, a Party may not file in

21  the public record in this action any Protected Material. A Party that seeks to file under seal any

22  Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

23  under seal pursuant to a court order authorizing the sealing of the specific Protected Material at

24  issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request

25  establishing that the Protected Material at issue is privileged, protectable as a trade secret, or

26  otherwise entitled to protection under the law. If a Receiving Party's request to file Protected

27  Material under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the

28  Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule

- 15 -    JOINT STIPULATED PROTECTIVE ORDER
CASE NO. 3:17-CV-06957-WHA

1   79-5(e)(2) unless otherwise instructed by the court.

2   **XIV.   <u>FINAL DISPOSITION</u>**

3        Within 60 days after the final disposition of this action, as defined in paragraph 4, each

4   Receiving Party must return all Protected Material to the Producing Party or destroy such

5   material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

6   compilations, summaries, and any other format reproducing or capturing any of the Protected

7   Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

8   submit a written certification to the Producing Party (and, if not the same person or entity, to the

9   Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

10  the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

11  not retained any copies, abstracts, compilations, summaries or any other format reproducing or

12  capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

13  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

14  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

15  product, and consultant and expert work product, even if such materials contain Protected

16  Material. Any such archival copies that contain or constitute Protected Material remain subject to

17  this Protective Order as set forth in Section 4 (DURATION).

18        **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATED PROTECTIVE ORDER
CASE NO. 3:17-CV-06957-WHA

62199781.1

1 | Dated:  February 2, 2018

Respectfully submitted,

2 | POLSINELLI LLP

3

4 | By: */s/ Teri H.P. Nguyen*
      Teri H.P. Nguyen

5

6 | Teri H.P. Nguyen (SBN 267498)
    thpnguyen@polsinelli.com
    Margaux A. Savee (SBN 224767)
7 | msavee@polsinelli.com
    **POLSINELLI LLP**
8 | Three Embarcadero Center, Ste. 2400
    San Francisco, California 94111
9 | Telephone: (415) 248-2100
    Facsimile: (415) 248-2101
10

11 | Brett Charhon (*Admitted Pro Hac Vice*)
     bcharhon@ccrglaw.com
12 | Steven Callahan (*Admitted Pro Hac Vice*)
     scallahan@ccrglaw.com
13 | Anthony Garza (*Admitted Pro Hac Vice*)
     agarza@ccrglaw.com
14 | **CHARHON CALLAHAN**
     **ROBSON & GARZA, PLLC**
15 | 3333 Lee Parkway, Suite 460
     Dallas, Texas 75219
16 | Telephone: (214) 521-6400
     Facsimile: (214) 764-8392
17

18 | Attorneys for Defendant
     CLOUDFLARE, INC.
19

20

21

22

23

24

25

26

27

28

JOINT STIPULATED PROTECTIVE ORDER
CASE NO. 3:17-CV-06957-WHA

62199781.1

1    Dated:  February 2, 2018                    Respectfully submitted,

2                                                SKIERMONT DERBY LLP

3

4                                                By:  */s/ Sarah E. Spires*
                                                 Sarah E. Spires

5
                                                 Sarah E. Spires (SBN 252917)
6                                                sspires@skiermontderby.com
                                                 Paul J. Skiermont (*Admitted Pro Hac Vice*)
7                                                pskiermont@skiermontderby.com
                                                 Christopher Hodge (*Admitted Pro Hac Vice*)
8                                                chodge@skiermontderby.com
9                                                **SKIERMONT DERBY LLP**
                                                 1601 Elm Street, Suite 4400
10                                               Dallas, Texas 75201
                                                 Telephone: (214) 978-6600
11                                               Facsimile: (214) 978-6601

12                                               Mieke K. Malmberg (SBN 2099992)
13                                               mmalmberg@skiermontderby.com
                                                 **SKIERMONT DERBY LLP**
14                                               800 Wilshire Blvd., Suite 1450
                                                 Los Angeles, California 90017
15                                               Telephone: (213) 788-4500
                                                 Facsimile: (214) 788-4545
16
                                                 Attorneys for Plaintiff
17                                               SWARMIFY, INC.

18

19          **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

20

21   Date:  February 5, 2018.

22                                               _____
                                                 HONORABLE WILLIAM H. ALSUP
23                                               UNITED STATES DISTRICT JUDGE

24

25

26

27

28

                                        - 18 -      JOINT STIPULATED PROTECTIVE ORDER
                                                    CASE NO. 3:17-CV-06957-WHA
     62199781.1

1

**EXHIBIT A**

2

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3    I, _____ [print or type full name], of

4    _____ [print or type full address], declare under penalty of perjury that I

5    have read in its entirety and understand the Stipulated Protective Order that was issued by the

6    United States District Court for the Northern District of California on _____ [date]

7    in the case of *Swarmify, Inc. v. Cloudflare, Inc.*, Case No. 3:17-CV-06957-WHA.  I agree to

8    comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

9    and acknowledge that failure to so comply could expose me to sanctions and punishment in the

10    nature of contempt.  I solemnly promise that I will not disclose in any manner any information or

11    item that is subject to this Stipulated Protective Order to any person or entity except in strict

12    compliance with the provisions of this Order.

13    I further agree to submit to the jurisdiction of the United States District Court for the

14    Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

15    Order, even if such enforcement proceedings occur after termination of this action.

16    I hereby appoint _____ [print or type full name] of

17    _____ [print or type full address and telephone

18    number] as my California agent for service of process in connection with this action or any

19    proceedings related to enforcement of this Stipulated Protective Order.

20

21

22    Date: _____

23
      City and State where sworn and signed: _____
24

25    Printed Name:  _____
                          [printed name]
26

27    Signature:  _____
                       [signature
28

- 19 -

JOINT STIPULATED PROTECTIVE ORDER
CASE NO. 3:17-CV-06957-WHA

62199781.1