IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SWARMIFY, INC.,

    Plaintiff,

  v.

CLOUDFLARE, INC.,

    Defendant.

No. C 17-06957 WHA

**ORDER RE SEALING OF ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

    The order denying plaintiff's motion for a preliminary injunction, filed under seal today, shall remain under seal until **MARCH 2 AT NOON**, after which it will be redacted as shown in Exhibit A and filed on the public docket unless one or more parties propose additional redactions via an administrative motion to file under seal. Any such motion must fully comply with the applicable law and our Civil Local Rules, including Rule 79-5(b)'s requirement that sealing requests "be narrowly tailored to seek sealing only of sealable material." Overbroad requests will be denied. To give just one nonexhaustive example, while court records may be sealed to prevent the disclosure and destruction of alleged trade secrets, that protection does not extend to all words, phrases, or sentences that describe alleged trade secrets only in general terms without revealing the actual substance thereof.

    As noted in the order denying plaintiff's motion for a preliminary injunction, plaintiff's alleged trade secrets have eluded precise definition. Out of an abundance of caution, however, the redactions preserved in Exhibit A correspond to portions of the redactions originally

requested by plaintiff that — even after all the information already discussed on the public record (*see* Dkt. No. 78) — could still conceivably encompass a protectible trade secret. This order in no way suggests that the redactions preserved in Exhibit A actually encompass any such trade secret, or even that any protectible trade secret exists in the filings to date. Nor does this order in any way bless the sufficiency of plaintiff's disclosure of alleged trade secrets. Counsel shall not argue otherwise.

**IT IS SO ORDERED.**

Dated: February 27, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE