Margaux A. Savee (SBN 244767)
msavee@polsinelli.com
Teri H.P. Nguyen (SBN 267498)
thpnguyen@polsinelli.com
**POLSINELLI LLP**
Three Embarcadero Center, Suite 2400
San Francisco, California 94111
Telephone:   415.248.2100
Facsimile:   415.248.2101

Brett Charhon (*Admitted Pro Hac Vice*)
bcharhon@ccrglaw.com
Steven Callahan (*Admitted Pro Hac Vice*)
scallahan@ccrglaw.com
Anthony M. Garza (*Admitted Pro Hac Vice*)
agarza@ccrglaw.com
**CHARHON CALLAHAN
ROBSON & GARZA, PLLC**
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Telephone:   214.521.6400
Facsimile:   214.764.8392

Counsel for Defendant
CLOUDFLARE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SWARMIFY, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>CLOUDFLARE, INC., a Delaware corporation,<br><br>    Defendant. | CASE NO. 3:17-CV-06957-WHA<br><br>**CLOUDFLARE, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Date: March 29, 2018<br>Time: 8:00 a.m.<br>Place: Courtroom 12, 19th Floor<br>Judge: Hon. William H. Alsup<br><br>Action Filed: December 6, 2017<br>Trial Date: November 13, 2018 |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. CUTSA PREEMPTS THE CHALLENGED CAUSES OF ACTION ..................... 3

    A. The Court Should Reject Swarmify's Argument That The Challenged Causes Of Action Are Not Preempted Because They Allegedly Apply To "Non-Trade-Secret Information" Protected By The Parties' NDA ........................................ 3

        1. The Challenged Causes of Action Focus On Swarmify's Alleged Trade Secrets, Not "Non-Trade-Secret Information" ........................................ 4

        2. Swarmify Has Not Alleged Facts Showing It Has A Property Right In The Information At Issue Stemming From Some Provision Of Positive Law On Grounds Qualitatively Different From Grounds Upon Which Trade Secrets Are Considered Property ........................................ 6

        3. Swarmify Has Not Allege Wrongdoing Materially Distinct From The Wrongdoing Alleged In Its CUTSA Claim ........................................ 7

        4. Precedent Supports Cloudflare ........................................ 7

    B. None Of Swarmify's Other Arguments Save Its Challenged Causes Of Action From CUTSA Preemption ........................................ 8

        1. Fair Dealing ........................................ 8

        2. Fraudulent Inducement ........................................ 9

        3. Unfair Competition ........................................ 10

III. THE NDA DOOMS COUNT 4 (FAIR DEALING), COUNT 5 (UNJUST ENRICHMENT), AND COUNT 6 (FRAUDULENT INDUCEMENT) .............. 11

    A. The NDA Precludes Swarmify's Fair-Dealing Claim ........................................ 11

    B. The NDA Precludes Swarmify's Fraudulent-Inducement Claim ........................................ 13

    C. The NDA Precludes Swarmify's Unjust-Enrichment Claim ........................................ 13

IV. RULE 9(B) PRECLUDES COUNT 6 (FRAUDULENT INDUCEMENT) ........................................ 14

V. CONCLUSION ........................................ 15

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*AccuImage Diagnostics Corp. v. Terarecon, Inc.*,
  260 F. Supp. 2d 941 (N.D. Cal. 2003) .................................................................................. 3

*Artec Grp., Inc. v. Klimov*,
  No. 15-CV-03449, 2016 WL 7157635 (N.D. Cal. Dec. 8, 2016) ...................................... 8, 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................. 5

*ATS Prods., Inc. v. Champion`Fiberglass, Inc.*,
  13-CV-02403, 2015 WL 224815 (N.D. Cal. Jan. 15, 2015) ...................................... 1, 9, 10

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................. 5

*Edwards v. Marin Park, Inc.*,
  356 F.3d 1058 (9th Cir. 2004) ............................................................................................ 14

*Epstein v. Wash. Energy Co.*,
  83 F.3d 1136 (9th Cir. 1996) ................................................................................................ 5

*FASNAP Corp. v. Dallas Gold & Silver Exch., Inc.*,
  No. 10-CV-7208, 2011 WL 13217696 (C.D. Cal. Jan. 24, 2011) ...................................... 14

*Gabriel Techs. Corp. v. Qualcomm Inc.*,
  No. 08-CV-1992, 2009 WL 3326631 (S.D. Cal. Sept. 3, 2009) ......................................... 10

*Garcia v. M-F Athletic Co.*,
  No. 11-CV-2430, 2012 WL 531008 (E.D. Cal. Feb. 17, 2012) .......................................... 11

*Heller v. Cepia, L.L.C.*,
  No. 11-CV-01146, 2012 WL 13572 (N.D. Cal. Jan. 4, 2012) .............................................. 8

*Iezza v. Saxon Mortg. Servs., Inc.*,
  No. 10-CV-03634, 2010 WL 3834041 (C.D. Cal. Sept. 28, 2010) ..................................... 14

*Klein v. Chevron U.S.A., Inc.*,
  202 Cal. App. 4th 1342 (2012) ........................................................................................... 14

*Lance Camper Mfg. Corp. v. Republic Indem. Co.*,
  44 Cal. App. 4th 194 (1996) ............................................................................................... 14

# TABLE OF AUTHORITIES
# CONTINUED

**PAGE(S)**

**CASES**

*Mattel, Inc. v. MGA Entm't, Inc.*,
    782 F. Supp. 2d 911 (C.D. Cal. 2011) ......................................................................... 2, 7, 8

*Melchior v. New Line Prods., Inc.*,
    106 Cal. App. 4th 779 (2003) ............................................................................................ 14

*Nat'l Ins. Co. of Hartford v. Expert Auto. Reconditioning, Inc.*,
    No. 13-CV-0873, 2013 WL 6190591 (C.D. Cal. Nov. 24, 2013) ........................................ 13

*NovelPoster v. Javitch Canfield Grp.*,
    No. 13-CV-05186, 2014 WL 10556991 (N.D. Cal. Aug. 14, 2014) ..................................... 12

*Peralta v. California Franchise Tax Bd.*,
    124 F. Supp. 3d 993 (N.D. Cal. 2015) ............................................................................. 8, 9

*SHK Management, Inc. v. Kilroy Realty Corp.*,
    No. 14-CV-02509, 2014 WL 12561096 (C.D. Cal. Oct. 2, 2014) .................................. passim

*Silvaco Data Sys. v. Intel Corp.*,
    184 Cal. App. 4th 210 (2010) ....................................................................................... passim

*SunPower Corp. v. SolarCity Corp.*,
    No. 12-CV-00694, 2012 WL 6160472 (N.D. Cal. Dec. 11, 2012) ..................................... 6, 8

*Total Coverage, Inc. v. Cendant Settlement Servs. Grp., Inc.*,
    252 F. App'x 123, 126 (9th Cir. 2007) ............................................................................... 14

*Top Agent Network, Inc. v. Zillow, Inc.*,
    No. 14-CV-04769, 2015 WL 7709655 (N.D. Cal. Apr. 13, 2015) ....................................... 11

*Waymo LLC v. Uber Techs., Inc.*,
    256 F. Supp. 3d 1059, 1064 (N.D. Cal. 2017) (Alsup, J.) ............................................ 2, 3, 6

*Yield Dynamics, Inc. v. TEA Sys. Corp.*,
    154 Cal. App. 4th 547 (2007) ............................................................................................ 15

**STATUTES**

18 U.S.C. § 1839(3) ...................................................................................................................... 1

Cal. Civ. Code § 3426.1(a)-(b) ............................................................................................. 2, 9, 10

Cal. Civ. Code § 3426.1(d) ........................................................................................................... 1

Cal. Civ. Code § 3426.1(d)(2) ...................................................................................................... 7

I.  **INTRODUCTION**

In an attempt to save four of the five challenged causes of action from CUTSA preemption,[1] Swarmify's Response repeatedly employs a post-hoc, tortured reading of the Complaint—one where the challenged causes of action survive because they supposedly (i) "include Swarmify's *non-trade-secret information*" and (ii) address "wrongdoing *independent* of Cloudflare's trade secret misappropriation."[2] Resp. at 3, 5, 7-9. Swarmify is wrong on both counts.

*First*, the plain text of the Complaint precludes Swarmify's attempt to slice its claims between "trade secret" and "non-trade-secret information." Resp. at 5 (arguing that there is a distinction between Swarmify's alleged trade secrets and Swarmify's "Confidential Information"). The Complaint defines Swarmify's "proprietary method for video streaming" as the "Technology." ECF No. 1, Compl. ¶ 12. It then defines "Confidential Information" as "the Technology and the information used in its development". *Id.* ¶ 15. According to the Complaint, *both* the "Technology" *and* the "Confidential Information" constitute Swarmify's trade secrets. *Id.* ¶¶ 44 ("Swarmify's Technology and its Confidential Information constitute protectable trade secrets as defined at 18 U.S.C. § 1839(3)."), 53 ("Swarmify's Technology and its Confidential Information constitute protectable trade secrets as defined at Cal. Civ. Code § 3426.1(d)."). These allegations thus doom the challenged causes of action, as the allegations prove that the challenged causes of action—which focus on the Technology and the Confidential Information (i.e., Swarmify's alleged trade secrets)—constitute "common law claims that are based on the same nucleus of facts as the misappropriation of trade secrets claim for relief." *ATS Prods., Inc. v. Champion Fiberglass, Inc.*, 13-CV-02403, 2015 WL 224815, at *1 (N.D. Cal. Jan. 15, 2015). This is not surprising. After all, to bring its state-law claims in federal court in the first place, Swarmify's Complaint pled that the challenged causes of action all "*arise from the same nucleus of operative facts*" as Swarmify's federal trade-secret misappropriation claim (Compl. ¶ 8)—a critical admission Swarmify ignores in its Response.

---

[1] With its Motion, Cloudflare challenged five of Swarmify's causes of action: (i) breach of the implied covenant of good faith and fair dealing (Count 4); (ii) unjust enrichment (Count 5); (iii) fraud in the inducement (Count 6); (iv) "accounting" (Count 7); and (v) unfair competition (Count 8). Swarmify's Response does *not* attempt to defend its "accounting" cause of action.

[2] Unless otherwise noted, all emphases in this Response have been added.

And, in any event, CUTSA preemption does not turn on whether the information alleged to have been wrongly acquired or misused is or is not a trade secret. In a case such as this one, CUTSA preempts claims based upon the unauthorized use of information, even if the information does not meet the statutory definition of a trade secret.[3]

*Second*, the Complaint confirms that Cloudflare's alleged trade-secret misappropriation is *the* basis for the challenged causes of action—i.e., the challenged causes of action are not "independent" from Swarmify's trade-secret misappropriation claim. For example, with its fair-dealing claim, Swarmify asserts that Cloudflare improperly "induc[ed] Swarmify to provide its Trade Secrets and Confidential Information to Cloudflare" and then "reveal[ed] Swarmify's Technology and Confidential Information" to the world with its blog posts. Compl. ¶ 70. This, of course, is just another way of saying that Cloudflare wrongfully misappropriated and used Swarmify's trade secrets, as Swarmify alleges that Cloudflare improperly induced Swarmify to disclose its trade secrets to Cloudflare based on Cloudflare's misrepresentations. The unjust-enrichment claim is likewise premised on Cloudflare's "receipt and improper use of Swarmify's Technology and Confidential Information"—i.e., Cloudflare's alleged trade-secret misappropriation. Compl. ¶ 73; *compare id.* ¶¶ 49, 51, 58, 59 (alleging that Cloudflare's trade-secret misappropriation led to "unjust enrichment"). For the fraudulent-inducement claim, Swarmify alleges that Cloudflare made a "material misrepresentation" in order to "gain access to [Swarmify's] Technology and its Confidential Information." *Id.* ¶¶ 77-78. Again, this is trade-secret misappropriation under CUTSA. Cal. Civ. Code § 3426.1(a)-(b). And, with its unfair-competition claim, Swarmify actually pleads that Cloudflare "*misappropriate[ed] [] Swarmify's proprietary information*[.]" *Id.* ¶ 89. Simply put, because Swarmify's challenged causes of action all walk and talk like its CUTSA cause of action, CUTSA preemption applies.

Additionally, as explained in Cloudflare's Motion and below, the NDA itself independently

---

[3] *See, e.g.*, *Waymo LLC v. Uber Techs., Inc.*, 256 F. Supp. 3d 1059, 1064 (N.D. Cal. 2017) (" . . . CUTSA supersedes Waymo's Section 17200 claim based on misappropriation of said information regardless of whether or not it would ultimately qualify for trade secret protection.") (Alsup, J.); *Mattel, Inc. v. MGA Entm't, Inc.*, 782 F. Supp. 2d 911, 987 (C.D. Cal. 2011) ("[T]he Court concludes that [C]UTSA supersedes claims based on the misappropriation of confidential information, whether or not that information meets the statutory definition of a trade secret.").

precludes Swarmify's fair-dealing, unjust-enrichment, and fraudulent-inducement causes of action. The fair-dealing claim regurgitates Swarmify's breach-of-contract claim (premised on the alleged breach of the NDA) and, in fact, contradicts the express terms of the NDA. As such, the Court should dismiss it. Swarmify's unjust-enrichment claim is impermissible because the NDA covers the same subject matter. In other words, because unjust enrichment is an action in quasi-contract, it cannot lie when an enforceable, binding agreement exists that defines the rights of the parties. The fraudulent-inducement claim is similarly barred by the NDA, as Swarmify attempts to rely on alleged misrepresentations that squarely contradict the express terms of the NDA.

Finally, Rule 9(b) provides a third independent basis to dismiss the fraudulent-inducement claim. Swarmify has not come close to pleading with particularity the circumstances constituting the alleged fraud under Rule 9(b), or that Cloudflare misrepresented its then-present alleged intentions.

## II.    CUTSA PREEMPTS THE CHALLENGED CAUSES OF ACTION

If Swarmify had its way, CUTSA preemption would never apply when a trade-secret misappropriation case also involved an alleged breach of contract such as an NDA. Swarmify urges an outcome that would frustrate the legislature's intent in enacting CUTSA—a "comprehensive" law that "occupies the field" and "cover[s] the entire subject" with its "uniform set of principles for determining when one is—and is not—liable for acquiring, disclosing, or using 'information . . . of value.'" *AccuImage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 953-54 (N.D. Cal. 2003); *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 239 n.22 (2010).

### A.    The Court Should Reject Swarmify's Argument That The Challenged Causes Of Action Are Not Preempted Because They Allegedly Apply To "Non-Trade-Secret Information" Protected By The Parties' NDA

This Court has found that CUTSA suppression will not apply to claims based on non-trade-secret information "only if said claims (1) allege facts showing that the plaintiff's property right in the information at issue stems from some provision of positive law on grounds qualitatively different from grounds upon which trade secrets are considered property, or (2) allege wrongdoing materially distinct from the wrongdoing alleged in a CUTSA claim." *Waymo LLC v. Uber Techs., Inc.*, 256 F. Supp. 3d 1059, 1063 (N.D. Cal. 2017). To attempt to save its challenged causes of action from CUTSA preemption, Swarmify argues that "those counts include Swarmify's non-trade-secret in-

formation, in which Swarmify has a property interest independent of that provided by trade secret law" and "Swarmify alleges wrongdoing independent of Cloudflare's trade secret misappropriation." Resp. at 3. The Court should reject Swarmify's arguments, for several independent reasons.

### 1. The Challenged Causes of Action Focus On Swarmify's Alleged Trade Secrets, Not "Non-Trade-Secret Information"

As a factual matter, Swarmify is generally wrong when it repeatedly argues that the challenged causes of action include "non-trade-secret information." Resp. at 3, 5, 7, 9. As shown below, the challenged causes of action focus squarely on Swarmify's alleged *trade secrets*.

Fair-Dealing. The Complaint alleges in relevant part that "Cloudflare breached the implied covenant of good faith and fair dealing by, among other things, inducing Swarmify to provide its *Trade Secrets and Confidential Information* to Cloudflare" and "reveal[ing] Swarmify's *Technology and Confidential Information*." Compl. ¶ 70. Swarmify contends that its "Technology"—defined as Swarmify's "proprietary method for video streaming, and particularly for accelerating video delivery"—constitutes its trade secrets. *Id.* ¶¶ 12, 44, 53. Swarmify also alleges that its "Confidential Information"—defined as the "Technology and the information used in its development"—constitutes trade secrets. *Id.* ¶¶ 15, 44, 53. As such, Swarmify's fair-dealing claim focuses only on Swarmify's alleged trade secrets—not any "non-trade-secret information."

Unjust Enrichment. Swarmify's unjust-enrichment claim is likewise premised on its trade secrets: "As a result of its receipt and improper use of Swarmify's Technology and Confidential Information, Cloudflare has received a significant benefit at Swarmify's expense[.]" Compl. ¶ 73. As noted above, Swarmify's "Technology" and "Confidential Information" are Swarmify's alleged trade secrets. No mention is made of any "non-trade-secret information" in Swarmify's unjust-enrichment claim.

Fraudulent Inducement. The same is true with Swarmify's fraud-in-the-inducement claim. It focuses on Cloudflare seeking "to gain access to [Swarmify's] Technology and its Confidential Information." Compl. ¶ 78; *see also id.* ¶¶ 79 (Cloudflare allegedly made a false representation to induce Swarmify to "reveal its Technology and its Confidential Information to Cloudflare"), 82 ("Cloudflare knew, prior to the execution of the NDA and Swarmify's disclosure of its Technology

and Confidential Information, that it had no intention to partner with Swarmify or to pay for Swarmify's Technology"). Here again, this cause of action deals exclusively with Swarmify's alleged trade secrets, not any "non-trade-secret information."

Unfair Competition. Swarmify alleges that "Cloudflare's unfair competition includes, but is not limited to, its unlawful breach of the NDA, its *misappropriation of Swarmify's proprietary information, and its use of Swarmify's proprietary information* to commercialize and market video streaming products to the detriment of Swarmify." Compl. ¶ 89. The Court should conclude that these allegations are also directed to Swarmify's alleged trade secrets.

The only portion of the Complaint referring to "non-trade-secret information" is in Swarmify's unfair-competition cause of action. Swarmify alleges that "Cloudflare was obligated to protect not only Swarmify's trade secrets, but also any non-trade-secret information from Swarmify that became 'confidential information' under the NDA, regardless of its status as a trade secret." Compl. ¶ 87. Swarmify alleges in a conclusory manner that "Cloudflare has also used and disclosed Swarmify's non-trade-secret information furnished under the NDA for its own benefit, including to commercialize and market its own video streaming product, and in violation of its duty to maintain the secrecy of that information." *Id.* ¶ 88. But Swarmify never identifies its alleged "non-trade-secret information" such that the Court should dismiss these conclusory allegations under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Twombly* and *Iqbal* together preclude a plaintiff from pleading using only "labels and conclusions" and instead require a plaintiff to "state a claim to relief that is plausible on its face"—i.e., "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). If the Court were to conclude that these "non-trade-secret information" allegations were adequately pled (and it should not), they would still fail for the reasons discussed below.

### 2. Swarmify Has Not Alleged Facts Showing It Has A Property Right In The Information At Issue Stemming From Some Provision Of Positive Law On Grounds Qualitatively Different From Grounds Upon Which Trade Secrets Are Considered Property

Even assuming (contrary to fact) that all of the challenged causes of action involved Swarmify's "non-trade-secret information," Swarmify still has not "allege[d] facts showing that [its] property right in the information at issue stems from some provision of positive law on grounds qualitatively different from grounds upon which trade secrets are considered property." *Waymo*, 256 F. Supp. 3d at 1063. Swarmify argues that, with respect to its unidentified "non-trade-secret information," the parties' NDA gives it a "property interest outside of trade secret law" such that CUTSA preemption does not apply. Resp. at 7; *see also id.* at 9 ("As with its other claims, Swarmify's claim for unjust enrichment is predicated in part on Cloudflare's misappropriation of Swarmify's non-trade-secret information, in which Swarmify has a property interest by virtue of the NDA.").

The Court should reject Swarmify's argument for three independent reasons. First, neither Swarmify's Complaint nor Response identifies what information purportedly constitutes Swarmify's "non-trade-secret information." It is thus impossible to identify a law other than CUTSA that may make such information Swarmify's property.[4]

*Second*, the NDA is not a "provision of positive law." An NDA is not a law at all, but a contract. Positive law "typically consists of *enacted law*—the codes, statutes, and regulations that are applied and enforced in the courts." Black's Law Dictionary (Positive Law). Notably, Swarmify cites no authority finding that an NDA constitutes a "provision of positive law" in the CUTSA supersession inquiry.

*Third*, even if the NDA constituted a "provision of positive law" (and it does not), the NDA would not constitute "grounds qualitatively different from grounds upon which trade secrets are considered property." *See, e.g.*, *SunPower*, 2012 WL 6160472, at *11 (where alleged property interest is

---

[4] *See, e.g.*, *SunPower Corp. v. SolarCity Corp.*, No. 12-CV-00694, 2012 WL 6160472, at *9 (N.D. Cal. Dec. 11, 2012) ("SunPower never actually defines the term 'non-trade secret proprietary information.' . . . Given the dearth of information concerning the nature of SunPower's non-trade secret proprietary information, the Court cannot conclude that this information is made property by virtue of some law other than CUTSA.").

CLOUDFLARE'S REPLY ISO MOTION TO DISMISS
CASE NO. 3:17-cv-06957-WHA                               6

based on information's "confidential" nature, "the relevant property interest was qualitatively the same as an individual's interest in trade secret information" and "a claim based on the misappropriation of confidential information would certainly be superseded by CUTSA"). NDAs are routinely used to protect trade secrets and establish that a trade secret has been "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Cal. Civ. Code § 3426.1(d)(2). Further, trade-secret misappropriation may stem from "breach or inducement of a breach of a duty to maintain secrecy" such as a duty found in an NDA. Cal. Civ. Code § 3426.1(a). As such, Swarmify has not alleged any facts showing that it has a property right in its unspecified "non-trade-secret information" on grounds qualitatively different from trade-secret law.[5]

### 3. Swarmify Has Not Allege Wrongdoing Materially Distinct From The Wrongdoing Alleged In Its CUTSA Claim

Assuming (again, counterfactually) that the challenged causes of action apply to "non-trade-secret information," none of Cloudflare's alleged wrongdoing is materially distinct from the wrongdoing alleged with Swarmify's trade-secret claim. Instead, as admitted by Swarmify, all of Swarmify's claims against Cloudflare "*arise from the same nucleus of operative facts*" as the facts giving rise to is misappropriation claim. Compl. ¶ 8; *see also* Section II.A.1, above (demonstrating that all of the challenged causes of action focus on Cloudflare's alleged trade-secret misappropriation).

### 4. Precedent Supports Cloudflare

If Swarmify's argument had any merit, Swarmify would have presumably cited an opinion finding that a contract (such as an NDA) saves common-law causes of action (like the challenged causes of action here) involving "non-trade-secret information" from CUTSA preemption. That it did not speaks volumes about the merits of its argument.

Instead, the case law supports Cloudflare's position that Swarmify's "non-trade-secret in-

---

[5] *See, e.g.*, *Mattel, Inc. v. MGA Entm't, Inc.*, 782 F. Supp. 2d 911, 997 (C.D. Cal. 2011) ("Mattel cannot 'identif[y] any property right' in its confidential information 'outside of trade secrets law,' because *no such property right exists under California law*."); *Silvaco*, 184 Cal. App. 4th at 239 ("'[I]nformation' cannot be 'stolen' unless it constitutes *property*. And information is not property unless some law makes it so. If the plaintiff identifies no property right outside of trade secrets law, then he has no remedy outside that law, and there is nothing unsound or unjust about holding other theories superseded.") (emphasis in original).

formation" allegations are preempted by CUTSA:

- *Artec Grp., Inc. v. Klimov*, No. 15-CV-03449, 2016 WL 7157635, at *6 (N.D. Cal. Dec. 8, 2016) (in a case also including breach-of-contract allegations directed to agreement requiring the maintenance of confidential information, the court rejected plaintiff's argument that its claims "based on 'the misappropriation of otherwise confidential or proprietary, but not trade secret, information' should not be preempted").

- *SunPower*, 2012 WL 6160472, at *5 (in case also involving claim for breach of contract under an agreement imposing confidentiality obligations, the court held that "CUTSA supersedes claims based on the misappropriation of information, regardless of whether such information ultimately satisfies the definition of trade secret").

- *Silvaco*, 184 Cal. App. 4th at 239 n.22 ("We emphatically *reject* the . . . suggestion that the uniform act was not intended to preempt common law conversion claims based on the taking of information that, though not a trade secret, was nonetheless of value to the claimant.").

- *Mattel*, 782 F. Supp. 2d at 987 ("[T]he Court concludes that UTSA supersedes claims based on the misappropriation of confidential information, whether or not that information meets the statutory definition of a trade secret.").

- *Heller v. Cepia, L.L.C.*, No. 11-CV-01146, 2012 WL 13572, at *7 (N.D. Cal. Jan. 4, 2012) ("Heller has not identified any law that confers property rights on his non-trade secret confidential information. Therefore, Heller's common law claims against Cepia premised on the wrongful taking and use of confidential business and proprietary information, regardless of whether such information constitutes trade secrets, are superseded by the CUTSA.").

### B. None Of Swarmify's Other Arguments Save Its Challenged Causes Of Action From CUTSA Preemption

Swarmify asserts a handful of additional arguments that do not rely on its "non-trade-secret information" argument addressed above to support three of the challenged causes of action (fair dealing, fraudulent inducement, and unfair competition). None of these additional arguments are persuasive.

#### 1. Fair Dealing

Swarmify argues that *Peralta v. California Franchise Tax Bd.*, 124 F. Supp. 3d 993 (N.D. Cal. 2015), erred when it dismissed a fair-dealing claim due to CUTSA preemption, as CUTSA allegedly does not preempt fair-dealing claims. Resp. at 6. But in *Peralta* the court correctly dismissed with prejudice the plaintiff's fair-dealing claim as preempted by CUTSA because the claim was based on the same nucleus of operative facts as the claim for misappropriation of trade secrets. 124 F. Supp. 3d at 1002. The court specifically noted that CUTSA does not preempt "contract" claims

and clearly did not consider a fair-dealing claim a "contract" claim where, as in the instant case, it arises out of the same nucleus of operative facts as a trade-secret misappropriation claim. *Id.*

A review of Swarmify's fair-dealing allegations demonstrate that its fair-dealing claim simply parrots its trade-secret misappropriation claim. Swarmify claims that Cloudflare obtained Swarmify's "Trade Secrets" and "Confidential Information" by improper means and then improperly revealed Swarmify's alleged trade secrets. Compl. ¶ 70. As noted above, no difference between Swarmify's "Trade Secrets" and "Confidential Information" exists—per Swarmify, both constitute its alleged trade secrets. *Id.* ¶¶ 44, 53. As such, Swarmify's fair-dealing allegation regurgitates its misappropriation claim. *See* Cal. Civ. Code § 3426.1(a), (b) (defining misappropriation as (i) acquiring trade secrets by improper means such as through a "misrepresentation" and (ii) improperly disclosing or using the trade secret of another such as in violation of a duty to maintain its secrecy). CUTSA preemption thus applies. *See ATS Prods.*, 2015 WL 224815, at *1 (CUTSA preempts common-law claims based on the same nucleus of facts as a trade-secret claim); *Peralta*, 124 F. Supp. 3d at 1002.[6]

### 2. Fraudulent Inducement

Swarmify's fraudulent inducement claim is exactly the type of claim that CUTSA was designed to preempt. The alleged fraud in question—Cloudflare's alleged misrepresentations employed to acquire Swarmify's alleged trade secrets—is an exact definition of "misappropriation" of trade secrets under CUTSA. *See* Cal. Civ. Code § 3426.1(a)-(b) (defining "misappropriation" as using "improper means," including "misrepresentation," to acquire knowledge of a trade secret).

Swarmify makes the same arguments that were considered—and rejected—in *SHK Management, Inc. v. Kilroy Realty Corp.*, No. 14-CV-02509, 2014 WL 12561096 (C.D. Cal. Oct. 2, 2014), where the court granted a motion to dismiss a fraud-in-the-inducement claim due to CUTSA preemption. In *SHK Management*, the plaintiff's "cause of action for fraud in the inducement allege[d] that Kilroy defrauded it in order to induce it to give access to valuable confidential infor-

---

[6] In the opinion cited by Swarmify, *Artec Group*, 2016 WL 7157635, at *1-2, *5, the court declined to dismiss the fair-dealing claim, but the defendant had only sought to dismiss it as "superfluous" and "duplicative" of the plaintiff's breach-of-contract claim—i.e., the court's decision did not indicate that the defendant raised CUTSA preemption as a basis for dismissal.

mation." *Id.* at *4. "The alleged purpose of the inducement was to gain access to the trade secrets." *Id.* As in *SHK Management*, Swarmify's cause of action for fraudulent inducement alleges that Cloudflare fraudulently induced Swarmify "to enter into the NDA and to reveal its Technology and its Confidential Information to Cloudflare"—i.e., to reveal its trade secrets to Cloudflare. Compl. ¶ 79. Given this, Swarmify "necessarily relies on the intent to misappropriate trade secrets" and, because "fraudulent inducement is one of the improper methods of acquisition for trade secrets under the CUTSA, [] this claim certainly relies on the same factual nucleus as that cause of action." *SHK Mgmt.*, 2014 WL 12561096, at *4. "Even though a common law claim of fraud has additional elements that need to be alleged, the nucleus of facts that the claim rests upon here is the intent to gain access to [Swarmify's] trade secrets, and thus it is preempted by the CUTSA." *Id.*; *see also* Mot. at 8 (citing additional cases preempting fraudulent-inducement claims under CUTSA).[7]

### 3. Unfair Competition

Swarmify argues that its unfair competition cause of action survives CUTSA preemption because Swarmify's "allegations here go beyond simple trade secret misappropriation." Resp. at 8. According to Swarmify, its unfair-competition allegations "extend to Cloudflare's improper use of and commercialization of Swarmify's proprietary information, as well as Cloudflare's fraud in procuring that information in the first place."[8] *Id.* The relevant test, however, is not whether allegations "go beyond simple trade secret misappropriation" (whatever that means)—i.e., no CUTSA preemption exception exists for "complex" trade secret misappropriation. Instead, the test is whether Swarmify's fraudulent-inducement claim relies on the same nucleus of facts as those facts alleged with its misappropriation claim. *ATS Prods.*, 2015 WL 224815, at *1. As explained in Cloudflare's Motion (at

---

[7] The sole case Swarmify cites in support of its argument, *Gabriel Techs. Corp. v. Qualcomm Inc.*, No. 08-CV-1992, 2009 WL 3326631, at *13 (S.D. Cal. Sept. 3, 2009), found that a fraudulent-inducement claim was not preempted by CUTSA because the claim was not "substantially equivalent to Plaintiffs' claim for trade secret misappropriation." But "substantial equivalence" in claims is not the relevant test—rather, the test is whether the fraudulent-inducement claim is "based on the same nucleus of facts as the misappropriation of trade secrets claim". *ATS Prods.*, 2015 WL 224815, at *1. And Swarmify's Complaint admits precisely this. Compl. ¶ 8 (state-law claims "arise from the same nucleus of operative facts as" misappropriation claim).

[8] These allegations are just another way of saying that Cloudflare allegedly misappropriated Swarmify's trade secrets. *See* Cal. Civ. Code § 3426.1(a), (b) (defining misappropriation to include improper "use of a trade secret of another" and using improper means to acquire trade secrets, such as by "misrepresentation").

7) and admitted by Swarmify (*see* Compl. ¶ 8), Swarmify's fraudulent-inducement claim relies on the very same facts as its misappropriation claim, thus requiring dismissal of the fraudulent-inducement claim under the case law cited by Cloudflare.

### III. THE NDA DOOMS COUNT 4 (FAIR DEALING), COUNT 5 (UNJUST ENRICHMENT), AND COUNT 6 (FRAUDULENT INDUCEMENT)

Swarmify argues that its causes of action for fair dealing, unjust enrichment, and fraudulent inducement survive the NDA's express terms precluding the claims because it may plead in the alternative. Resp. at 9. But "[t]he right to plead alternative theories exists to protect against unfairness to a pleader who is *justifiably uncertain* about the facts giving rise to an injury or the legal principles that may govern those facts." *Silvaco*, 184 Cal. App. 4th at 240 (emphasis in original). "It does not exist to permit meritless claims to proceed to trial merely by combining many of them together." *Id.* "A meritless claim may be dismissed whenever its lack of merit is demonstrated in accordance with applicable rules of procedure." *Id.*

Here, Swarmify is not justifiably uncertain as to whether the NDA constitutes a valid contract—indeed, it alleged as much and moved for a preliminary injunction based on the NDA. Compl. ¶ 61; Mot. for Preliminary Injunction, ECF No. 19 at 21. "Although plaintiffs are allowed to plead in the alternative, on a motion to dismiss the plaintiff must allege facts that 'plausibly suggest an entitlement to relief.'" *Garcia v. M-F Athletic Co.*, No. 11-CV-2430, 2012 WL 531008, at *2 (E.D. Cal. Feb. 17, 2012). And, as noted in Cloudflare's Motion, numerous courts dismiss claims that are not properly pled in view of plaintiffs' breach-of-contract causes of action. *See* Mot. at 11, 13-14.

#### A. The NDA Precludes Swarmify's Fair-Dealing Claim

Swarmify argues that the Court should not dismiss its fair-dealing claim because: (i) whether its claim is based on the same underlying facts as its contract claim is "best reserved for summary judgment or the jury"; (ii) the language of the NDA does not undermine its claim; and (iii) its allegations extend beyond its breach of contract claim. Resp. at 11-12. Here again, Swarmify's arguments miss the mark.

*First*, the Court can and should grant a motion to dismiss fair-dealing claims that are redun-

dant of claims for breach of an express agreement. *See* Mot. at 11 (citing cases); *see also Top Agent Network, Inc. v. Zillow, Inc.*, No. 14-CV-04769, 2015 WL 7709655, at *9 (N.D. Cal. Apr. 13, 2015) ("TAN's claim for breach of the implied covenant of good faith and fair dealing must likewise be dismissed as redundant [of the breach-of-contract claim]"). As explained in Cloudflare's Motion (at 11), Swarmify's fair-dealing claim constitutes a restatement of its breach-of-contract claim, which subjects the claim to dismissal.

*Second*, regardless of Swarmify's spin, its fair-dealing claim seeks to directly override an express provision in the NDA by basing its claim on an inducement theory precluded by the plain terms of the NDA. In Swarmify's own words:

> Cloudflare breached the implied covenant of good faith and fair dealing by, among other things, inducing Swarmify to provide its Trade Secrets and Confidential Information to Cloudflare, when Cloudflare intended only to use that information to its own benefit rather than in connection with a partnership with, or acquisition of, Swarmify. Not only did Cloudflare reveal Swarmify's Technology and Confidential Information, but Cloudflare's use of Swarmify's confidential and proprietary information for itself also kept Swarmify from reaping the full benefits of that information.

Compl. ¶ 70. Yet Swarmify agreed in the NDA that neither the NDA, disclosure under the NDA, nor the parties' discussions under the NDA could "constitute or imply [such] an inducement" and the NDA's integration and merger clause precludes any claim of inducement that relies on alleged misrepresentations that are extraneous to the agreement. Compl., Ex. 1 (NDA, ¶¶ 11, 22). Because Swarmify's allegations are based on an inducement theory explicitly precluded by the NDA, the Court should dismiss Swarmify's fair-dealing claim. Mot at 12 (citing cases).

*Third*, in an attempt to save its fair-dealing claim, Swarmify now argues that it is really alleging that Cloudflare violated the implied covenant during the *negotiations* leading up to the NDA. Resp. at 12 (Swarmify "is alleging that Cloudflare's misrepresentations induced Swarmify to enter the NDA"). But this new theory also fails because "the implied covenant is a supplement to an existing contract, and thus it does not require parties to negotiate in good faith prior to any agreement." *NovelPoster v. Javitch Canfield Grp.*, No. 13-CV-05186, 2014 WL 10556991, at *12 (N.D. Cal. Aug. 14, 2014) (citations and quotations omitted). Regardless, Swarmify has not pled or shown

1  any facts supporting its conclusory allegation that Cloudflare never intended to consider a business
2  deal—instead, Swarmify simply points to the fact that one never came to pass, which is insufficient.
3  *See, e.g.*, *SHK Mgmt.*, 2014 WL 12561096, at *5, *7-8 (granting motion to dismiss where the plain-
4  tiff did not allege facts demonstrating that, at the time of the alleged inducement, the defendant did
5  not intend to negotiate a deal with the plaintiff).

### B.  The NDA Precludes Swarmify's Fraudulent-Inducement Claim

Swarmify argues that the NDA does not preclude its fraudulent-inducement claim because "Swarmify reasonably relied on Cloudflare's statement that it *desired* or *intended* to acquire Swarmify or to acquire or license Swarmify's technology—not any representation that such an acquisition or license was *actually going to take place*." Resp. at 14 (emphases in original). This argument fails. The NDA explicitly precludes any such "reasonable reliance"—it expressly states that the parties were under no obligation to enter into a business relationship with one another and further that neither the NDA, the disclosure of information under the NDA, nor any ongoing discussions or correspondence among the parties concerning "any matter" will "constitute or imply an inducement, commitment, promise or intention to enter into any business transaction or relationship" or any "commitment . . . with respect to any other present or future transaction or relationship." Compl., Ex. 1 (NDA, ¶ 11). Given this, Swarmify has not—and cannot—plead justifiable reliance on any representations that Cloudflare allegedly made as an inducement to entice Swarmify to enter into the NDA and disclose its alleged trade secrets to Cloudflare. *See* Mot. at 14 (citing cases). As such, if it is not preempted under CUTSA, the Court should dismiss Swarmify's fraudulent-inducement claim under the plain language of the NDA.

### C.  The NDA Precludes Swarmify's Unjust-Enrichment Claim

Swarmify argues that its unjust-enrichment claim survives because Rule 8 permits inconsistent pleadings in the alternative. Resp. at 15. This argument does not save the unjust-enrichment claim. "Although under the Federal Rules of Civil Procedure, a plaintiff may liberally plead alternative claims for both breach of contract and unjust enrichment, *a plaintiff's claim for unjust enrichment fails if the allegations are predicated upon an enforceable contract*." *Nat'l Ins. Co. of Hartford v. Expert Auto. Reconditioning, Inc.*, No. 13-CV-0873, 2013 WL 6190591, at *3 (C.D. Cal.

Nov. 24, 2013). "The Ninth Circuit held that, where parties do not dispute the existence or validity of an express contract, then an unjust enrichment claim must fail." *Id.* (citing *Total Coverage, Inc. v. Cendant Settlement Servs. Grp., Inc.*, 252 F. App'x 123, 126 (9th Cir. 2007)).[9] Here, no party disputes that the NDA constitutes an express, valid contract. *See* Cloudflare's Answer, ECF No. 85 ¶ 61. Even assuming that (i) Swarmify could pursue a separate cause of action for unjust enrichment under California law[10] and (ii) CUTSA does not preempt the claim, the Court should still dismiss the claim in view of the NDA.

## IV.  RULE 9(B) PRECLUDES COUNT 6 (FRAUDULENT INDUCEMENT)

There is nothing "heightened" about what Swarmify has pled concerning fraudulent inducement—its Complaint is devoid of any facts regarding who at Cloudflare made the alleged fraudulent representations, to whom at Swarmify those representations were made, how (e-mail, telephone, in-person meetings, etc.) those alleged representations were made, when those representations were made, and where those representations were made. This level of detail—the *who, what, when, where, and how* that Swarmify concedes is required—is how fraud must be pled. *See, e.g.*, *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (plaintiffs must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation") (citations and quotations omitted).

---

[9] *See also Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1389-90 (2012) ("Although a plaintiff may plead inconsistent claims that allege both the existence of an enforceable agreement and the absence of an enforceable agreement, that is not what occurred here. Instead, plaintiffs' breach of contract claim pleaded the existence of an enforceable agreement and their unjust enrichment claim did not deny the existence or enforceability of that agreement. Plaintiffs are therefore precluded from asserting a quasi-contract claim under the theory of unjust enrichment."); *Lance Camper Mfg. Corp. v. Republic Indem. Co.*, 44 Cal. App. 4th 194, 203 (1996) ("[A]s to the Insured's claim of unjust enrichment resulting in an implied-in-fact contract, it is well settled that an action based on an implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter. Here, the Insured has alleged the existence and validity of an enforceable written contract between the parties in its first two causes of action. The Insured then realleges the existence of the written contract in its claim of a quasi-contract. This is internally inconsistent. The Insured must allege that the express contract is void or was rescinded in order to proceed with its quasi-contract claim.").

[10] *Iezza v. Saxon Mortg. Servs., Inc.*, No. 10-CV-03634, 2010 WL 3834041, at *2 (C.D. Cal. Sept. 28, 2010) ("Under California law, a claim for unjust enrichment cannot stand alone as an independent claim for relief."); *FASNAP Corp. v. Dallas Gold & Silver Exch., Inc.*, No. 10-CV-7208, 2011 WL 13217696, at *2 (C.D. Cal. Jan. 24, 2011) ("California law does not recognize such a claim [i.e., unjust enrichment] for relief."); *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("there is no cause of action in California for unjust enrichment").

Additionally, Swarmify alleges that Cloudflare committed fraud in inducing Swarmify to enter into negotiations that Cloudflare intended only as a sham. Rather than simply relying on conclusory allegations, Swarmify must allege facts that Cloudflare misrepresented its "then-present intentions." *Yield Dynamics, Inc. v. TEA Sys. Corp.*, 154 Cal. App. 4th 547, 575 (2007). Other than pointing to eventual non-performance, Swarmify has not pled facts demonstrating that—at the time of alleged inducement—Cloudflare did not fully intend to negotiate a deal with Swarmify. Pleading eventual nonperformance of a promise, however, is not the same as pleading sufficient facts to show intent at the time the alleged promise was made. *Id.* at 576; *SHK Mgmt.*, 2014 WL 12561096, at *5.

## V. CONCLUSION

For these reasons, and those detailed in Cloudflare's Motion, the Court should dismiss the challenged causes of action with prejudice.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: March 1, 2018 | Respectfully submitted, |
| 3 | | CHARHON CALLAHAN ROBSON & GARZA, PLLC |
| 4 | | |
| 5 | | /s/*Steven Callahan* |
| 6 | | STEVEN CALLAHAN |
| 7 | | Counsel for Defendant CLOUDFLARE, INC. |