SARAH E. SPIRES (SBN 252917)
sspires@skiermontderby.com
PAUL J. SKIERMONT
(*pro hac vice*)
pskiermont@skiermontderby.com
CHRISTOPHER HODGE
(*pro hac vice*)
chodge@skiermontderby.com
SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400
Dallas, Texas 75201
Telephone:   (214) 978-6600
Facsimile:   (214) 978-6601

MIEKE K. MALMBERG (SBN 209992)
mmalmberg@skiermontderby.com
SKIERMONT DERBY LLP
800 Wilshire Boulevard,
Suite 1450
Los Angeles, California 90017
Telephone:   (213) 788-4500
Facsimile:   (213) 788-4545

***Attorneys for Plaintiff Swarmify, Inc.***

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SWARMIFY, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>        v.<br><br>CLOUDFLARE, INC., a Delaware corporation,<br><br>                    Defendants. | CASE NO. 3:17-cv-06957-WHA<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO FURTHER SEAL AND RE-FILE ORDER DENYING PRELIMINARY INJUNCTION**<br><br>Judge:  Hon. William Alsup<br><br>Action Filed:  December 6, 2017<br>Trial Date:  November 13, 2018 |

Pursuant to Civil Local Rules 7-11 and 79-5, Plaintiff Swarmify, Inc.

("Swarmify") respectfully requests that the Court make further redactions to and refile

the publicly-available version of its Order Denying Preliminary Injunction [ECF 88]

because it contains trade secret and confidential business information.

| Document | Portions to Be Filed under Seal |
|---|---|
| Order Denying Motion for Preliminary Injunction [ECF 88] ("Order"). | Highlighted portion of the page of the Order attached hereto and filed under seal as Exhibit A.[1] |

## I.   Legal Standard

Local Rule 79-5(b) provides that "[a] sealing order may issue only upon a

request that establishes that the document, or portions thereof, are privileged,

protectable as a trade secret or otherwise entitled to protection under the law." As this

Court has noted, "the usual presumption of the public's right to access does not apply

to non-dispositive motions with the same strength it applies to dispositive motions. On

non-dispositive motions, a party seeking to file a document under seal must establish

there is 'good cause' for sealing the record." *Lane v. Wells Fargo Bank, N.A.*, No. C

12-04026 WHA, 2013 U.S. Dist. LEXIS 82065, at *2-3 (N.D. Cal. June 11, 2013)

(internal citations omitted). Under the "good cause" standard, courts will seal a

company's information that is ordinarily kept secret for competitive purposes.

*Hanginout, Inc. v. Google, Inc.*, No. 13-cv-2811 AJB, 2014 U.S. Dist. LEXIS 40429,

at *4 (S.D. Cal. Mar. 24, 2014) (granting motion to seal confidential business

information). Courts have determined that trade secret information merits sealing.

*Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14–cv–03078–JSC, 2015

U.S. Dist. LEXIS 85089, at *2-3 (N.D. Cal. June 30, 2015); *see also Brocade*

*Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. C 10-3428 PSG, 2013 U.S. Dist.

---

[1] Because this is a publicly-filed document, Swarmify requests leave to not identify the exact page and line number of the Order. Swarmify seeks only to have redacted one portion of one page of the Order and attaches only that page as Exhibit A.

LEXIS 7444, at *13 (N.D. Cal. Jan. 17, 2013) (granting request to seal document that "consists entirely of descriptions of Brocade's trade secrets.").

## II.  <u>Swarmify Seeks to Redact its Confidential Information and Trade Secrets</u>

As detailed in the attached Declaration of Christopher Hodge ("Hodge Sealing Declaration"), Swarmify requests that the Court redact the highlighted portion of the Order because it contains specific, sensitive Swarmify information relevant to confidential acquisition talks ("Acquisition Information"). As set forth in the Hodge Sealing Declaration, disclosure of the Acquisition Information would place Swarmify at a competitive disadvantage. Hodge Sealing Decl. ¶ 5. Swarmify's discussions with Cloudflare involved a great deal of information regarding Swarmify's assets, processes, and internal valuations and self-assessments. *Id.* ¶ 6. Swarmify remains a small company with the potential to be acquired by, or to sell or license its technology to, another business. *Id.* ¶ 5. Disclosure of the Acquisition Information prematurely or on terms other than Swarmify's to a potential acquirer would greatly impact Swarmify's ability to gain maximum value out of such a transaction. *Id.* In fact, Swarmify has redacted this same information from its court filings to this point for that reason. *Id.*

Swarmify has therefore shown good cause to redact the requested information. Swarmify requests that the Order be so further redacted and that the Clerk be ordered to replace the version of the Order currently available via PACER with the newly-redacted version.

Dated:  March 9, 2018

SKIERMONT DERBY LLP

Respectfully submitted,

By:  */s/ Sarah E. Spires*

Sarah E. Spires

Attorney for Swarmify, Inc.

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Civil Local Rule 5-5, I hereby certify that on the 9th day of March, 2018, the foregoing document was served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Dated:  March 9, 2018                    Respectfully submitted,

SKIERMONT DERBY LLP

                                         By:  */s/ Sarah E. Spires*

                                              Sarah E. Spires

                                              Attorney for Swarmify, Inc.