IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SWARMIFY, INC.,

    Plaintiff,

v.

CLOUDFLARE, INC.,

    Defendant.

No. C 17-06957 WHA

**ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

On February 27, an order filed under seal denied plaintiff Swarmify, Inc.'s motion for a preliminary injunction (Dkt. No. 83). A concurrently-filed order explained that the first order would remain under seal until March 2 at noon, after which it would be unsealed and filed on the public docket with only the Court's own redactions unless one or more parties proposed additional redactions via an administrative motion to file under seal (Dkt. No. 84). No party so moved. After the noon deadline passed, on March 2 at 1:48 p.m., another notice issued, informing the parties that the February 27 order would be unsealed and filed on the public docket with only the Court's own redactions unless one or more parties filed an objection by 4:00 p.m. that day (Dkt. No. 87). No party objected. At 4:06 p.m., the order was unsealed and filed on the public docket with only the Court's own redactions.

A week later, on March 9, Swarmify filed an administrative motion to further redact the public version of the February 27 order (Dkt. No. 89). The administrative motion makes no attempt to explain why Swarmify missed both the noon and 4:00 p.m. deadlines on March 2 and

allowed the February 27 order to remain on the public docket for a whole week before requesting additional redactions. The untimeliness of the administrative motion is sufficient reason to deny the requested relief.

Even if it had been timely, however, the administrative motion would still be denied. *First*, Swarmify cites a "good cause" standard, but compelling reasons are required to justify sealing of court records where, as here, the underlying motion was more than tangentially related to the merits of the case. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). *Second*, Swarmify claims it seeks to redact "confidential, proprietary, and trade secret" information, but the information it seeks to redact — the specific dollar amount for which Swarmify previously offered to sell its assets to defendant Cloudflare, Inc. — does not constitute a trade secret. That Swarmify would suggest otherwise is astonishing. *Third*, even if that dollar amount was previously confidential, it no longer remains so because, as stated, Swarmify missed two deadlines to request its redaction and allowed it to remain on the public docket for a week thereafter before belatedly seeking relief. *Fourth*, even if the dollar amount was still confidential, the declaration Swarmify submitted in support of sealing contained only conclusory assertions to the effect that disclosure of that dollar amount would disadvantage Swarmify in future licensing or acquisition talks with other parties (*see* Dkt. No. 89-1 ¶¶ 5–7). Swarmify's attempts to negotiate with Cloudflare form the backbone of Swarmify's allegations. As we have already seen on the motion for a preliminary injunction, the details of those attempts bear directly on the value of Swarmify's alleged trade secrets and on the circumstances giving rise to its claims for relief. Swarmify has shown no compelling reason that would outweigh the public's right to access and justify sealing here.

For all the foregoing reasons, Swarmify's administrative motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 21, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2