Margaux A. Savee (SBN 244767)
msavee@polsinelli.com
Teri H.P. Nguyen (SBN 267498)
thpnguyen@polsinelli.com
POLSINELLI LLP
Three Embarcadero Center, Suite 2400
San Francisco, California 94111
Telephone:  415.248.2100
Facsimile:  415.248.2101

Brett Charhon (*Admitted Pro Hac Vice*)
bcharhon@ccrglaw.com
Steven Callahan (*Admitted Pro Hac Vice)*
scallahan@ccrglaw.com
Anthony M. Garza (*Admitted Pro Hac Vice)*
agarza@ccrglaw.com
Jennifer Brown Trillsch (*Admitted Pro Hac Vice)*
jtrillsch@ccrglaw.com
CHARHON CALLAHAN
ROBSON & GARZA, PLLC
3333 Lee Parkway, Suite 460
Dallas, Texas 75219
Telephone:  214.521.6400
Facsimile:  214.764.8392

Counsel for Defendant
CLOUDFLARE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SWARMIFY, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>CLOUDFLARE, INC., a Delaware corporation,<br><br>Defendant. | CASE NO.  3:17-cv-06957-WHA<br><br>**CLOUDFLARE'S STATEMENT ON** *ANGELICA TEXTILE*<br><br>Judge:  Hon. William Alsup |


1    *Angelica Textile Services, Inc. v. Park*, 220 Cal. App. 4th 495 (2013), does not support
2    Swarmify's argument that the breach of a non-disclosure agreement is (i) "qualitatively different"
3    from misappropriation of trade secrets or (ii) constitutes a "materially distinct" wrong that avoids
4    CUTSA preemption. *SunPower Corp. v. SolarCity Corp.*, No. 12-CV-694, 2012 WL 6160472, at
5    *9 (N.D. Cal. Dec. 11, 2012) (claims based on non-trade-secret, proprietary information are
6    superseded unless either (i) the non-trade-secret, proprietary information was "made property by
7    some provision of positive law on grounds that are qualitatively different from the grounds upon
8    which trade secrets are considered property," or (ii) the non-trade-secret claims "allege
9    wrongdoing that is materially distinct from the wrongdoing alleged in a CUTSA claim") (ellipses
10   and quotations omitted).

11       *Angelica Textile* concerned a non-competition agreement that required the defendant to,
12   while employed by the plaintiff, "give his best endeavors, skill, and attention to the discharge of
13   his duties" and prohibited the defendant from becoming "interested, directly or indirectly . . . in
14   any other business similar to [the plaintiff-employer's] business." 220 Cal. App. 4th at 500.
15   Despite the defendant's non-competition agreement, he (i) presented a business plan for a
16   competing business to two of the plaintiff's biggest customers, and (ii) helped organize and
17   finance a competing business (Emerald), relying on that business plan. *Id.* at 500-02. While
18   building Emerald, the defendant also re-negotiated the plaintiff's contracts with its biggest
19   customers to allow the customers to easily terminate their contracts on ninety days' notice. *Id.* at
20   503. After Emerald launched, the defendant resigned from his position at the plaintiff and shortly
21   thereafter began work as the chief operating officer of Emerald. Emerald then successfully bid on
22   and won two of Angelica's largest contracts (the contracts defendant had renegotiated to allow
23   easy termination while employed by plaintiff) and recruited more than 40 of plaintiff's
24   employees.

25       *Angelica Textile* did not address whether breaching a **non-disclosure** agreement was
26   "qualitatively different" or alleged a "materially distinct" wrong from a trade-secret claim.
27   Rather, the court focused on the fact that the defendant had breached a **non-competition**
28   agreement. *See id.* at 508 (noting that the defendant "was actively engaged in first promoting the

[business plan to the plaintiff's customers] and then successfully starting Emerald"). The defendant's *competition* with plaintiff (while still employed by plaintiff) was a wrong separate and apart from any misuse of any confidential information, and avoided CUTSA preemption under either prong of *SunPower*. *Angelica Textile* correctly reversed the dismissal of the common-law claims based on the defendant's breach of the non-competition agreement (and attendant duty of loyalty)—these claims were qualitatively different than a trade-secret claim. *See id.* (breach of contract, breach of fiduciary duty, unfair competition, and interference with business relations). The court also reversed the dismissal of the conversion claim, noting that CUTSA did not displace conversion claims based on the theft of **tangible** property (as opposed to claims based on the misappropriation of trade secrets). *See id.*

Here, the parties' NDA is nothing like the contract at issue in *Angelica Textile*. As seen in the Complaint, Swarmify's breach-of-contract claim is not based on qualitatively different conduct than the trade-secret claims. *Compare* ECF No. 1 (Compl.) ¶ 63 (Cloudflare breached NDA by taking and using Swarmify's alleged trade secrets); ¶ 56 (Cloudflare offends CUTSA by using improper means to acquire and use the alleged trade secrets). *Angelica Textile* is thus not contrary to the cases identified by Cloudflare at the hearing, where NDAs did not create a unique property interest sufficient to exempt common-law torts (including tortious interference with an NDA) from the scope of CUTSA preemption. *See K.C. Multimedia, Inc. v. Bank of Am. Tech. & Ops., Inc.*, 171 Cal. App. 4th 939, 960-61 (2009) (dismissing, as preempted, claim for tortious interference with NDA); *Mattel, Inc. v. MGA Entm't, Inc.*, 782 F. Supp. 2d 911, 994 (C.D. Cal. 2011) (same); *SunPower*, 2012 WL 6160472, at *1, *5 (finding CUTSA preemption despite NDA); *Artec Grp., Inc. v. Klimov*, No. 15-CV-03449, 2016 WL 7157635, at *6 (N.D. Cal. Dec. 8, 2016) (same).

| | | |
|---|---|---|
| 1 | Dated: March 30, 2018 | Respectfully submitted, |
| 2 | | CHARHON CALLAHAN ROBSON & GARZA, PLLC |
| 3 | | |
| 4 | | |
| 5 | | By: */s/ Stephen Callahan* <br> Steven Callahan |
| 6 | | Attorneys for Defendant <br> CLOUDFLARE, INC. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

63112979.1

- 3 -

CLOUDFLARE'S STATEMENT ON
*ANGELICA TEXTILE*
CASE NO. 3:17-CV-06957-WHA