IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SWARMIFY, INC.,

   Plaintiff,

 v.

CLOUDFLARE, INC.,

   Defendant.

            /

No. C 17-06957 WHA

**ORDER ON MOTION
TO DISMISS**

**INTRODUCTION**

 In this action for trade secret misappropriation, defendant moves to dismiss various related state law claims. The motion is **GRANTED IN PART** and **DENIED IN PART**.

**STATEMENT**

 This is an action by plaintiff Swarmify, Inc., against defendant Cloudflare, Inc., for trade secret misappropriation and related state law claims. The allegations of the complaint have been described and discussed in detail in a prior order denying Swarmify's motion for a preliminary injunction (Dkt. No. 88). The gravamen of Swarmify's grievances is that Cloudflare allegedly induced Swarmify to divulge its trade secrets by feigning interest in an acquisition deal and signing a non-disclosure agreement for purposes of deal negotiations, but then used those trade secrets to develop a competing product without ever acquiring or dealing with Swarmify (*see id.* at 1–7).

1   Cloudflare now moves to dismiss Swarmify's claims for breach of the implied covenant

2   of good faith and fair dealing, unjust enrichment, fraud in the inducement, accounting, and

3   unfair competition in violation of Section 17200 of the California Business and Professions

4   Code. The instant motion does not challenge Swarmify's claims for trade secret

5   misappropriation (under both federal and state law) and breach of written contract (Dkt. No.

6   56). This order follows full briefing and oral argument.

7                                              **ANALYSIS**

8   **1.      LEGAL STANDARD.**

9       To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to

10  relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A

11  claim has facial plausibility when it pleads factual content that allows the court to draw the

12  reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*,

13  556 U.S. 662, 678 (2009). "When ruling on a motion to dismiss, [courts] may generally

14  consider only allegations contained in the pleadings, exhibits attached to the complaint, and

15  matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519

16  F.3d 1025, 1030–31 (9th Cir. 2008) (quotation and citations omitted). Courts accept factual

17  allegations in the complaint as true and construe the pleadings in the light most favorable to the

18  nonmoving party. *Ibid.* Conclusory allegations or "formulaic recitation of the elements" of a

19  claim, however, are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 681.

20      Cloudflare advances three grounds for dismissal here. *First*, Cloudflare contends all

21  five challenged claims for relief must be dismissed as superseded by the California Uniform

22  Trade Secrets Act (Dkt. No. 56 at 3–10). *Second*, Cloudflare contends the claims for breach of

23  the implied covenant of good faith and fair dealing, unjust enrichment, and fraudulent

24  inducement must be dismissed as precluded by the parties' non-disclosure agreement (*id.* at

25  11–14). *Third*, Cloudflare contends the claim for fraudulent inducement must be dismissed for

26  failing to satisfy Federal Rule of Civil Procedure 9(b) (*id.* at 14–16). The applicable legal

27  standards are discussed further in the context of the parties' arguments below.

28

**2.      BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.**

With respect to Swarmify's claim for breach of the implied covenant of good faith and

fair dealing, the complaint alleges (Dkt. No. 1 ¶¶ 41, 70):

> Upon information and belief, Cloudflare never intended to acquire
> or license Swarmify's Technology, nor to acquire Swarmify;
> rather, it initiated discussions, and induced Swarmify to enter the
> NDA and disclose the Technology to Cloudflare, in an attempt to
> gain access to the Technology without paying for it.

                    *                    *                    *

> Cloudflare breached the implied covenant of good faith and fair
> dealing by, among other things, inducing Swarmify to provide its
> Trade Secrets and Confidential Information to Cloudflare, when
> Cloudflare intended only to use that information to its own benefit
> rather than in connection with a partnership with, or acquisition of,
> Swarmify.  Not only did Cloudflare reveal Swarmify's Technology
> and Confidential Information, but Cloudflare's use of Swarmify's
> confidential and proprietary information for itself also kept
> Swarmify from reaping the full benefits of that information.

Cloudflare contends this claim must be dismissed as superseded by CUTSA because it

relies on the same nucleus of operative facts as Swarmify's trade secret misappropriation claims

(Dkt. No. 56 at 5–6).  Under California law, CUTSA provides the exclusive civil remedy for

conduct falling within its terms and supersedes other civil remedies for trade secret

misappropriation.  CAL. CIV. CODE § 3426.7; *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th

210, 236 (2010), *disapproved on other grounds by Kwikset Corp. v. Superior Court*, 51 Cal. 4th

310 (2011).  It therefore supersedes claims based on the same nucleus of facts as trade secret

misappropriation.  *Silvaco*, 184 Cal. App. 4th at 232 (quoting *K.C. Multimedia, Inc. v. Bank of

Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 962 (2009)).  At the pleading stage, the

supersession analysis asks whether, stripped of facts supporting trade secret misappropriation,

the remaining factual allegations can be reassembled to independently support other claims for

relief.  *Qiang Wang v. Palo Alto Networks, Inc.*, No. C 12–05579 WHA, 2013 WL 415615, at

*4 (N.D. Cal. Jan. 31, 2013).

Here, Swarmify's allegations of trade secret misappropriation plainly form the bedrock

of its various claims for relief.  Indeed, the complaint explicitly says that Swarmify's "state law

claims . . . arise from the same nucleus of operative facts, and form part of the same case and

1    controversy, as Swarmify's federal claims" for trade secret misappropriation in violation of the

2    federal Defend Trade Secrets Act (Dkt. No. 1 ¶ 8).  Swarmify nevertheless contends CUTSA

3    supersession does not apply to its claim for breach of the implied covenant because this claim

4    also covers "non-trade-secret information" and "wrongdoing" separate and apart from trade

5    secret misappropriation, relying primarily on *Silvaco* and the undersigned judge's recent

6    decision in *Waymo LLC v. Uber Technologies, Inc.*, 256 F. Supp. 3d 1059 (N.D. Cal. 2017) (*see*

7    Dkt. No. 74 at 3, 7).  As explained in *Waymo*, "*Silvaco* exempts claims based on non-trade

8    secret information from CUTSA supersession only if said claims (1) allege facts showing that

9    the plaintiff's property right in the information at issue stems from some provision of positive

10   law on grounds qualitatively different from grounds upon which trade secrets are considered

11   property, or (2) allege wrongdoing materially distinct from the wrongdoing alleged in a CUTSA

12   claim."  *Id.* at 1063 (citation omitted).

13        This exception does not help Swarmify here.  Despite repeatedly referring to

14   "confidential information," "proprietary information," and other varieties of supposedly non-

15   trade secret information, Swarmify never explains what that information actually includes or

16   how it differs qualitatively from the incredibly broad swaths of information Swarmify has

17   claimed as "trade secrets."  At best, this appears to be a transparent attempt to avoid CUTSA

18   supersession by repeatedly describing all the information at issue as both "trade secret" and

19   "non-trade-secret" without ever identifying a meaningful distinction.  Viewed as a whole, the

20   *factual* allegations in the complaint reveal no such distinction.  Similarly, the *factual* allegations

21   pled in the complaint support no meaningful distinction between Swarmify's accusations of

22   trade secret misappropriation and Swarmify's accusations of "wrongdoing" constituting breach

23   of the implied covenant.  In short, Swarmify's strategic descriptions of the same underlying

24   information and alleged misconduct fail to evade CUTSA supersession.

25        In a similar vein, this order rejects Swarmify's repeated assertions that the non-

26   disclosure agreement counted as a "provision of positive law" that conferred a "property right"

27   qualitatively different from that conferred by trade secret law (Dkt. No. 74 at 1, 5, 7, 9).  During

28   oral argument, counsel for Swarmify for the first time pointed to *Angelica Textile Services, Inc.*

4

1   *v. Park*, 220 Cal. App. 4th 495 (2013), as the best decision on point.  But as Cloudflare noted in

2   its supplemental brief (Dkt. No. 98), *Angelica* featured allegations qualitatively different from

3   allegations of trade secret misappropriation because the plaintiff accused the defendant of

4   breaching a non-competition agreement by helping the plaintiff's competitors in ways that had

5   nothing to do with any theft of valuable information.  *Id.* at 500–03, 508.  Here, in contrast, all

6   of Swarmify's accusations against Cloudflare plainly stem from the same nucleus of operative

7   facts that form Swarmify's trade secret misappropriation claims.

8        Moreover, even assuming for the sake of argument that Swarmify's legal theory has

9   merit — *i.e.*, that non-disclosure agreements *generally* may count as provisions of positive law

10  for purposes of overcoming CUTSA supersession — that theory would find no foothold in our

11  specific facts.  The provisions of the non-disclosure agreement actually cited by Swarmify

12  merely described in broad terms the parties' obligations to keep confidential general categories

13  of both trade secret and non-trade secret information (*see* Dkt. No. 74 at 5).  Even reading those

14  provisions together with Swarmify's *factual* allegations, it remains impossible to tell what

15  information Cloudflare is supposed to have purloined that would be qualitatively different from

16  Swarmify's alleged trade secrets.  The provisions Swarmify relies on never explained what

17  specific information might qualify as trade secret versus non-trade secret, and certainly never

18  purported to confer any property rights in the latter that would be qualitatively different from

19  the rights conferred by trade secret law.  In short, Swarmify's reliance on the non-disclosure

20  agreement to overcome CUTSA supersession has no basis in either the law or our facts.

21       Swarmify further argues that its claim for breach of the implied covenant escapes

22  CUTSA supersession because it constitutes a "contractual remedy" (Dkt. No. 74 at 6).  CUTSA

23  "does not affect . . . contractual remedies, whether or not based upon misappropriation of a

24  trade secret."  CAL. CIV. CODE § 3426.7(b).  The parties debate whether or not a claim for

25  breach of the implied covenant generally counts as a "contractual remedy" for purposes of

26  CUTSA supersession, but a more basic problem presents in Swarmify's theory here.

27       To counter Cloudflare's separate argument that Swarmify's claim for breach of written

28  contract (not challenged on the instant motion) renders its claim for breach of the implied

5

1  covenant superfluous (Dkt. No. 56 at 11), Swarmify repeatedly insists that the latter differs from

2  and exceeds the former in scope (Dkt. No. 74 at 10–12). As the undersigned judge has

3  previously held, however, "absent those limited cases where a breach of a consensual contract

4  term is not claimed or alleged, the only justification for asserting a separate cause of action for

5  breach of the implied covenant is to obtain a tort recovery." *E.g.*, *Total Recall Techs. v. Luckey*,

6  2016 WL 199796, at \*6 (N.D. Cal. Jan. 16, 2016) (citations omitted). This creates a catch-22

7  for Swarmify. To the extent that its claim for breach of the implied covenant seeks tort

8  recovery separate and aside from its claim for breach of written contract, it runs headlong into

9  CUTSA supersession by relying on the same nucleus of operative facts as Swarmify's trade

10  secret misappropriation claims. To the extent that its claim for breach of the implied covenant

11  avoids CUTSA supersession by seeking contractual remedies, however, it proves superfluous

12  with Swarmify's claim for breach of written contract. Either way, dismissal is proper.

13  For the foregoing reasons, Swarmify's claim for breach of the implied covenant is

14  **DISMISSED**. Leave to amend is denied as futile. This order does not reach the parties'

15  additional arguments on this point, including Cloudflare's argument that dismissal would also

16  be required pursuant to the terms of the parties' non-disclosure agreement (Dkt. No. 56 at 12).

17  **3.  UNJUST ENRICHMENT.**

18  With respect to Swarmify's separate claim for unjust enrichment, the complaint alleges

19  (Dkt. No. 1 ¶ 73):

20  As a result of its receipt and improper use of Swarmify's
   Technology and Confidential Information, Cloudflare has received
21  a significant benefit at Swarmify's expense, as set forth above.
   Rather than spending time and money to research and develop
22  effective video streaming methods on its own, or paying a fair
   price for their licensing or acquisition, Cloudflare has received the
23  free benefit of Swarmify's efforts and experience.

24  Again, this claim plainly rests on the same factual predicates as Swarmify's trade secret

25  misappropriation claims. Swarmify's sole argument against CUTSA supersession is that this

26  claim also covers "proprietary, non-trade-secret information" (Dkt. No. 74 at 9). This argument

27  fails for the same reasons stated above. Accordingly, Swarmify's separate claim for unjust

28  enrichment is **DISMISSED**. Leave to amend is denied as futile. To be clear, this ruling in no

United States District Court

For the Northern District of California

1    way hinders Swarmify's ability to seek *damages* measured by unjust enrichment stemming from

2    its trade secret misappropriation claims.  This order does not reach the parties' additional

3    arguments on this point, including Cloudflare's argument that dismissal would also be required

4    as a result of the parties' non-disclosure agreement (Dkt. No. 56 at 13).

5              **4.      FRAUD IN THE INDUCEMENT.**

6              With respect to Swarmify's claim for fraud in the inducement, the complaint essentially

7    alleges that Cloudflare (1) induced Swarmify to sign the non-disclosure agreement and reveal

8    its trade secrets by falsely representing that Cloudflare was interested in a partnership, (2) never

9    had any interest in a partnership and just wanted Swarmify's trade secrets all along, and (3)

10   Swarmify reasonably relied on that false representation (*see* Dkt. No. 1 ¶¶ 77–82).

11             Again, the *factual* allegations here plainly describe trade secret misappropriation.  *See*

12   CAL. CIV. CODE § 3426.1 ("improper means," as defined in the context of trade secret

13   misappropriation under CUTSA, includes misrepresentation).  The whole point of this lawsuit is

14   that Cloudflare supposedly stole Swarmify's trade secrets, and the sole alleged mechanism for

15   that supposed theft was Swarmify's voluntary sharing of said trade secrets pursuant to a non-

16   disclosure agreement during deal negotiations.  In its opposition brief, Swarmify asserts without

17   explanation that Cloudflare's misrepresentation of its intentions "is wholly independent from

18   Cloudflare's eventual misappropriation of Swarmify's information" even though "the object of

19   Cloudflare's fraudulent conduct was to eventually misappropriate Swarmify's trade secret and

20   non-trade-secret information" (Dkt. No. 74 at 8).  This order disagrees.  Swarmify also repeats

21   that this claim can escape CUTSA supersession because it includes "non-trade-secret

22   information" (*ibid.*).  This argument fails again for the same reasons stated above.

23             For the foregoing reasons, Swarmify's claim for fraud in the inducement is **DISMISSED**.

24   Leave to amend is denied as futile.  This order does not reach the parties' additional arguments

25   on this point, including Cloudflare's argument that dismissal would also be required for failure

26   to satisfy the pleading requirements of FRCP 9(b) (Dkt. No. 56 at 14–16).

27

28

7

**5.    ACCOUNTING.**

With respect to Swarmify's separate claim for accounting, the complaint alleges (Dkt.
No. 1 ¶ 84):

> Swarmify is entitled to damages and restitution for Cloudflare's
> wrongful acts.  This includes amounts that can only be ascertained
> by an accounting, including but not limited to Cloudflare's
> earnings from its use of Swarmify's Technology and Confidential
> Information.

Cloudflare contends "accounting" is not a claim for relief but merely a form of remedy
(Dkt. No. 56 at 8).  Swarmify offers no response on this point.  This order agrees with
Cloudflare.  Accordingly, Swarmify's separate claim for accounting is **DISMISSED**.  Leave to
amend is denied as futile.  To be clear, this ruling in no way hinders Swarmify's ability to
request an accounting for purposes of calculating *damages*.

**6.    UNFAIR COMPETITION IN VIOLATION OF SECTION 17200.**

With respect to Swarmify's unfair competition claim, the complaint alleges (Dkt. No. 1
¶¶ 87–89):

> Cloudflare was obligated to protect not only Swarmify's trade
> secrets, but also any non-trade-secret information from Swarmify
> that became "confidential information" under the NDA, regardless
> of its status as a trade secret.
>
> As set forth above, in addition to information categorized as trade
> secrets, Cloudflare has also used and disclosed Swarmify's
> non-trade-secret information furnished under the NDA for its own
> benefit, including to commercialize and market its own video
> streaming product, and in violation of its duty to maintain the
> secrecy of that information.
>
> Through its conduct described above, Cloudflare has engaged in
> unlawful, unfair, and misleading business practices that have
> caused Swarmify to suffer harm and lose business and money.
> Cloudflare's unfair competition includes, but is not limited to, its
> unlawful breach of the NDA, its misappropriation of Swarmify's
> proprietary information, and its use of Swarmify's proprietary
> information to commercialize and market video streaming products
> to the detriment of Swarmify.

Again, insofar as these allegations describe "misappropriation" through the wrongful use
and disclosure of "non-trade-secret," "confidential," and "proprietary" information, they fail to
evade CUTSA supersession for the reasons already stated.  To that extent, Swarmify's unfair
competition claim is **DISMISSED** and leave to amend is denied as futile.

8

Neither side, however, addressed the single lifeline buried in Swarmify's unfair competition claim — its allegation that Cloudflare breached the non-disclosure agreement. To repeat, Swarmify's claim for breach of written contract has not been challenged on the instant motion, ostensibly because Cloudflare recognizes that it would be protected by CUTSA's savings clause for contractual remedies. Nor has Cloudflare advanced any reason other than CUTSA supersession to dismiss the unfair competition claim insofar as it piggybacks off of the breach of written contract claim. To that extent, Swarmify's unfair competition claim therefore survives dismissal.

## CONCLUSION

To the foregoing extent, defendant's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

Dated: April 3, 2018.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

9