UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William H. Alsup, Judge

| | |
|---|---|
| SWARMIFY, INC., a Delaware corporation,    )<br>                                           )<br>          Plaintiff,                       )<br>                                           )<br>   VS.                                     )<br>                                           )<br> CLOUDFLARE, INC., a Delaware corporation,  )<br>                                           )<br>          Defendant.                       )<br>_____) | **NO. C 17-06957 WHA**<br><br>San Francisco, California<br>Thursday, July 5, 2018 |

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiff Swarmify, Inc.:
        Skiermont Derby LLP
        Thanksgiving Tower
        1301 Elm Street, Suite 4400
        Dallas, TX  75201
        (214) 978-6613
    **BY:  SARAH E. SPIRES**

For Defendant Cloudflare, Inc.:
        Charhon Callahan Robson & Garza
        3333 Lee Parkway, Suite 460
        Dallas, TX  75219
        (469) 587-7250
        (214) 764-8392 (fax)
    **BY:  STEVEN CALLAHAN**
        **BRETT CHARHON**

For Defendant Cloudflare, Inc.:
        Cloudflare
        101 Townsend Street
        San Francisco, CA  94107
    **BY:  DOUG KRAMER**

Reported By:  Lydia Zinn, CSR No. 9223, FCRR, Official Reporter

| | |
|---|---|
| **Thursday - July 5, 2018** | **8:11 a.m.** |

**P R O C E E D I N G S**

---oOo---

    **THE COURT:** Now we go to Swarmify.

    **THE CLERK:** Calling Civil Action 17-6957, Swarmify Inc., versus Cloudflare, Inc. Counsel, please approach the podium and state your appearances for the Record.

    **MS. SPIRES:** Good morning, Your Honor. Sarah Spires, on behalf of Swarmify.

    **MR. CHARHON:** Good morning, Your Honor. Brett Charhon, on behalf Cloudflare. I'm here with my partner, Steve Callahan, and General Counsel for Cloudflare, Doug Kramer.

    **THE COURT:** All right. What's the problem?

    **MS. SPIRES:** Your Honor, Swarmify is -- has filed a motion to voluntarily dismiss this action in its entirety; and despite that, Cloudflare is still seeking extensive discovery from Swarmify. And so Swarmify has come here today to ask for a Protective Order, staying discovery pending a Motion to Dismiss.

    **THE COURT:** If there are willing to dismiss, why don't you just go along with that?

    **MR. CHARHON:** Well, we're opposed to the motion, because they're seeking to dismiss without prejudice. And Swarmify --

1   **THE COURT:** Isn't the answer that they can dismiss
2   without -- I mean, with prejudice to everything up to the
3   present; but in the future if there's some event shows that
4   they have a case, they could bring it in the future, for future
5   conduct?
6   **MR. CHARHON:** Well, they're seeking to dismiss
7   without prejudice, with leave to refile.
8   **THE COURT:** No, you're not going to get that.
9   **MS. SPIRES:** That's actually not what we're seeking.
10  What we're seeking is exactly what Your Honor said.
11     Current conduct, past conduct is not something we've
12  worried about. We've learned through discovery that that is
13  not a case that we're going to pursue.
14     The only concern that Swarmify has is that in the future,
15  Cloudflare may end up, say -- the way that Cloudflare's
16  implementing its video streaming is not set in stone yet. And
17  so in the event that Cloudflare does implement its video
18  streaming in a way that infringes on Swarmify's trade secrets,
19  Swarmify would want to be able to bring that case; but it has
20  no desire to refile based on --
21     **THE COURT:** The thing to do is to dismiss with
22  prejudice your current lawsuit, and make it clear that that's
23  without prejudice to events that occur after the date of the
24  dismissal.
25     **MS. SPIRES:** We have offered that, Your Honor.

1    **THE COURT:** What's wrong with that?

2    **MR. CHARHON:** They can dismiss their case without
3 prejudice. I mean, file a motion -- no. Excuse me. They need
4 to file a motion to dismiss with prejudice. They filed a
5 motion to dismiss without prejudice, number one.

6    **THE COURT:** She just told me it was with prejudice.

7    **MS. SPIRES:** But the motion --

8    **MR. CHARHON:** Well, if you read their motion, that's
9 not what it says.

10    **THE COURT:** All right.

11    **MS. SPIRES:** The motion is without prejudice, because
12 obviously there has to be -- to do with prejudice, and with the
13 caveats.

14    **THE COURT:** No. It's got to be with prejudice.
15      Look. You have ginned up this lawsuit. They've gone to a
16 lot of trouble to respond. There is no way on earth you're
17 going to get to walk out of here with a without-prejudice
18 dismissal, because then you could refile the very same lawsuit,
19 some other court somewhere else, and then they would say, *Look.*
20 *Now we've got to go through it all over again.*
21      I've seen this scenario a hundred times. And you will
22 have to dismiss. You're going to litigate it here, or nowhere,
23 for everything up to the present.
24      But starting tomorrow or starting from the day after the
25 dismissal, it's a new ball game. That's the way it always

1  works, and you two lawyers ought to be reasonable enough to see
2  that.
3      **MS. SPIRES:** We have offered that multiple times,
4  Your Honor.
5      **THE COURT:** What?
6      **MS. SPIRES:** We have offered that to opposing counsel
7  multiple times.
8      **THE COURT:** Well, that's what it's going to be. And
9  if I find out that one of you have been unreasonable, at the
10 next hearing there will be trouble.
11     **MR. CHARHON:** Your Honor, I think you need look no
12 further than their motion.
13     **THE COURT:** Yeah, but she says it's offered it to
14 you. Is it true or not? She's offered you a dismissal with
15 prejudice.
16     **MR. CHARHON:** A straight-up dismissal with prejudice?
17 I don't think so. I mean, the fact of the matter is we believe
18 a dismissal with prejudice would end this case for all time,
19 because they've accused us --
20     **THE COURT:** No, it would not.
21     **MR. CHARHON:** Well --
22     **THE COURT:** Where did you get that crazy idea?
23     **MR. CHARHON:** Let me explain.
24     **THE COURT:** That's a crazy idea.
25     **MR. CHARHON:** Can I explain?

1          **THE COURT:** You could tomorrow start infringing, and
2   then say, *Oh, it's dismissed for all time.* No way.
3          **MR. CHARHON:** Well, they -- they accused us of
4   posting their trade secret on our blog post. And if they
5   dismiss that claim without prejudice, the trade secret is in
6   the public domain. We will argue that any future claims based
7   on that blog post, which is in the public domain, precludes any
8   future claims.
9          **THE COURT:** Well, maybe it does. That's for another
10  day.
11         **MR. CHARHON:** I agree that's for another day. I
12  don't think it's a crazy idea.
13         **THE COURT:** All you have to do to get rid of this
14  case is file a dismissal. Come to court next time. Say, *We*
15  *want to dismiss our present Complaint with prejudice.* And I
16  will acknowledge that that is without prejudice to events that
17  occur in the future, because the law -- we can't tie your hands
18  on that; but you must be aware that in the future if you were
19  to assert a claim that something was a trade secret, but it's
20  already in the public domain in the past, you don't get to
21  resurrect -- I mean, that's dead. That's dead as a doornail.
22  It's gone. It's history. It is not a trade secret anymore,
23  because it's in the public domain.
24         **MS. SPIRES:** Completely agree.
25         **THE COURT:** So --

1      **MS. SPIRES:** Would you like us to refile the motion
2 that's currently pending?
3      **THE COURT:** I think what you should file is a
4 clear-cut statement; a supplement statement. What is today?
5 Thursday. You can file it by tomorrow. Can you do that?
6      **MS. SPIRES:** Yes, Your Honor.
7      **THE COURT:** That just makes clear that you -- what I
8 just said; that you're okay with what I just said. And then
9 that ought to be the end of it.
10     Now, in the meantime there's no basis to keep --
11     This case is going to be done and over with. And you
12 should not -- you should stop discovery.
13      **MR. CHARHON:** If they're going to dismiss with
14 prejudice, that's fine.
15      **THE COURT:** That's what I think is going to happen,
16 but if you --
17     Say three months go by, and they find some new evidence
18 that you are now infringing. By "now" I mean after the
19 dismissal. She can bring a new lawsuit. That lawsuit may be
20 hampered by things that have already occurred, like things that
21 are in the public domain now. You have a very good point on
22 that; but it still -- it would not be barred as a matter of
23 law. By *res judicata*, it would have to be subject to motion
24 practice.
25      **MR. CHARHON:** Understood. We'll deal with that in

1  the context of a new lawsuit, if filed.
2          **THE COURT:**  All right.  So I'm ordering you to cease
3  all discovery until I rule on your motion to dismiss with
4  prejudice.  So please clarify your motion in a filing.  I'll
5  give you until Monday at noon to do that, so that you don't
6  have to worry about getting back to your office tomorrow.  All
7  right?
8          **MS. SPIRES:**  Thank you, Your Honor.
9          **THE COURT:**  All right.  Good luck.  Bye-bye.
10      (At 8:18 a.m. the proceedings were adjourned.)
11 I certify that the foregoing is a correct transcript from the
12 record of proceedings in the above-entitled matter.

*Lydia Zinn*

15 _____    July 13, 2018
   Signature of Court Reporter/Transcriber       Date
16 Lydia Zinn