SARAH E. SPIRES (SBN 252917)
sspires@skiermontderby.com
PAUL J. SKIERMONT
(*pro hac vice*)
pskiermont@skiermontderby.com
CHRISTOPHER HODGE
(*pro hac vice*)
chodge@skiermontderby.com
SKIERMONT DERBY LLP
1601 Elm Street, Suite 4400
Dallas, Texas 75201
Telephone:   (214) 978-6600
Facsimile:   (214) 978-6601

MIEKE K. MALMBERG (SBN 209992)
mmalmberg@skiermontderby.com
SKIERMONT DERBY LLP
800 Wilshire Boulevard,
Suite 1450
Los Angeles, California 90017
Telephone:   (213) 788-4500
Facsimile:   (213) 788-4545

*Attorneys for Plaintiff Swarmify, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SWARMIFY, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>         v.<br><br>CLOUDFLARE, INC., a Delaware corporation,<br><br>                    Defendants. | CASE NO. 3:17-cv-06957-WHA<br><br>**PLAINTIFF'S OBJECTION TO DEFENDANT'S BILL OF COSTS**<br><br>Judge:  Hon. William Alsup<br><br>Action Filed:  December 6, 2017 |

Pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54-2(a), Plaintiff Swarmify, Inc. ("Swarmify") respectfully objects to entirety of the Bill of Costs submitted on July 24, 2018, by Defendant Cloudflare, Inc. ("Cloudflare") [ECF 154].[1] Cloudflare's improper behavior during the pendency of this case, which ultimately led to Swarmify's voluntary dismissal of its claims, warrants an exercise of discretion by this Court to decline to award costs to Cloudflare. Cloudflare needlessly instigated the initiation of this case and then prolonged it by withholding information from Swarmify that its video streaming service did not actually use the methods Swarmify claimed, despite its blog posts and other evidence to the contrary. Cloudflare wasted Swarmify's, and the Court's, time and resources, and it should not be reimbursed for its costs in doing so.

## I.   **Relevant Background**

As set forth in the background section of Swarmify's voluntary Motion to Dismiss [ECF 135] ("MTD"), page 1 line 11 through page 7 line 10, incorporated herein by reference, in September 2017, Cloudflare published two blog posts introducing "Cloudflare Stream," a new video streaming product that Cloudflare purported to offer. As described more fully in Swarmify's Complaint [ECF 1] and in its Motion for Preliminary Injunction [ECF 19], in the blog posts, Cloudflare claimed to be using portions of Swarmify's own confidential and proprietary video streaming technology that it had disclosed to Cloudflare during acquisition discussions. The blog posts indicated that Cloudflare had implemented Swarmify's technology for its own profit, in violation of the parties' non-disclosure agreement ("NDA") covering their discussions, and in violation of federal and state trade secrets laws. (*See* MTD at 1-2).

Upon learning of the blog posts, Swarmify immediately attempted to resolve the issue through Cloudflare's in-house counsel, who promised an investigation that never materialized. Swarmify's corporate counsel sent a letter to Cloudflare seeking

---

[1] Swarmify does not challenge the amounts set forth in the Bill of Costs, but rather Cloudflare's right to be awarded costs in the first instance.

resolution and never received a response. (*See id.* at 2-3). Finally, in light of Cloudflare's refusal to respond and in an effort to protect its intellectual property rights, Swarmify filed this lawsuit on December 6, 2017. Later that day, Cloudflare's in-house attorney finally responded, informing Swarmify's litigation counsel that he had evidence there was no misappropriation of Swarmify's technology, and that he would provide Swarmify with that evidence by the end of the week. This, of course, also did not happen. (*See id.* at 3). Swarmify finally served Cloudflare a week later, and reiterated its willingness to drop the case if Cloudflare actually had evidence it had not misappropriated Swarmify's technology. (*See id.* at 3-4). Cloudflare still did not share any such information, nor did it provide a protective order or agreement under which to share that information, despite Swarmify's requests for one. (*See id.*). Upon receiving no agreement from Cloudflare, nor any further effort to show Swarmify its purported evidence that it had not stolen Swarmify's technology, and having been strung along by Cloudflare for two-and-a-half months, Swarmify acted to protect itself and filed its Motion for Preliminary Injunction on December 22, 2017. (*See id.* at 4).

Initial evidence confirmed, rather than refuted, Swarmify's arguments that Cloudflare had misappropriated its technology. While some evidence showed that Cloudflare had previously contemplated a portion of Swarmify's video-streaming technique, it did not come close to covering Swarmify's entire disclosure to Cloudflare. (*See id.*). Moreover, during the sole three-hour deposition that has taken place of any Cloudflare employee so far, Cloudflare's corporate representative appeared to confirm that Cloudflare was using Swarmify's technology. And the timeline that Cloudflare's representatives described, as set forth in Swarmify's MTD, certainly showed it was likely Cloudflare had garnered these techniques from its discussions with Swarmify:

- April 2016: Cloudflare has no streaming solution it is able to implement. Cloudflare enters into negotiations with Swarmify. (Decl. of Nathan Barnett in Supp. of Swarmify's Mot. for Prelim. Inj. [ECF 19-8] ("Barnett

PI Decl.") ¶ 17; Decl. of Nitin Rao in Supp. of Cloudflare's Opp. To Mot. for Prelim. Inj. [ECF 42-6] ("Rao PI Decl.") ¶ 19).

- April-May 2016: Cloudflare seeks confidential information from Swarmify about its video technology, and Swarmify provides that information to Dane Knecht and Nitin Rao pursuant to the NDA, including the details of its technology, its nonpublished patent application, and its analysis of the technology's commercial viability and market application. (Barnett PI Decl. ¶¶ 19-20; Ex. B to Barnett PI Decl. [ECF 19-10]; Rao Dep. at 14:24-15:12). Negotiations stall.

- May 2017: Negotiations re-open. Cloudflare seeks, and Swarmify provides to Dane Knecht and Nitin Rao, additional confidential information about Swarmify's technology pursuant to the NDA, including updated information about Swarmify's patent application. (Barnett PI Decl. ¶¶ 19, 21; Ex. C to Barnett PI Decl. [ECF 19-11]; Ex. M to Suppl. Decl. of Nathan Barnett in Supp. of Swarmify's Mot. for Prelim. Inj. [ECF 48-4]).

- June 2017: Cloudflare breaks off talks with Swarmify. (Decl. of Dane Knecht in Supp. of Cloudflare's Opp. To Mot. for Prelim. Inj. [ECF 42-1] ("Knecht PI Decl.") ¶ 19).

- July 2017: Cloudflare hires its first video engineer and, under the direction of Dane Knecht and Nitin Rao, begins formal development of its video streaming product. (Rao PI Decl. ¶ 19; Rao Dep. at 29:5-13, 92:11-23; Knecht PI Decl. ¶ 24).

- September 2017: Cloudflare releases Cloudflare Stream and authors blog posts showing it uses aspects of Swarmify's trade secrets.

Throughout the course of this litigation, Cloudflare has defended against Swarmify's accusations on two grounds: (1) that Swarmify's video streaming technology does not constitute a trade secret because parts of it are publicly available;

and (2) that Swarmify's video streaming technology is not a trade secret, at least with respect to Cloudflare, because Cloudflare thought of it independently. (*See, e.g.*, Def.'s Resp. to Mot. for Prelim. Inj. [ECF 42] at 9:6-11:15, 12:1-15:15; Def.'s 1st Am. Answer [ECF 91] ¶ 109.

In May 2018—five months after filing of this lawsuit, and seven months since Swarmify first informed Cloudflare of its concern about the apparent misappropriation of Swarmify's technology, Cloudflare finally, and for the first time, revealed that, despite the above evidence to the contrary, it was not using Swarmify's video streaming technology. (*See* MTD at 6-7). Of course, had Cloudflare bothered to inform Swarmify of those facts five months ago, the parties could have saved themselves, and the Court, significant trouble and expense.

## II.    Argument and Authorities

A district court has the discretion to decline an award of costs under Federal Rule of Civil Procedure 54(d)(1), although it must state its reasons for doing so. *See Eller v. EquiTrust Life Ins. Co.*, 778 F.3d 1089, 1095 (9th Cir. 2015). The Ninth Circuit has held that "[p]roper grounds for denying costs include (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing . . . high costs on future civil rights litigants, as well as (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance." *Quan v. Comp. Scis. Corp.*, 623 F.3d 870, 888-89 (9th Cir. 2010) (internal quotes and citation omitted). In particular, a court may deny costs based on "some impropriety on the part of the prevailing party that would justify a denial of costs" or when the party seeking them "is guilty of some fault, misconduct, or default worthy of punishment." *Nat'l Info. Servs. v. TRW, Inc.*, 51 F.3d 1470, 1472 (9th Cir. 1995).

In this case, Cloudflare's improper conduct warrants a denial of costs. Cloudflare waited for more than seven months to provide information to Swarmify

regarding its non-use of Swarmify's trade secrets, despite Swarmify having evidence to the contrary. Swarmify filed this lawsuit in good faith, based on the evidence set forth above and discussed at length in its MTD. Without Cloudflare's foot-dragging and obfuscation, Swarmify would never have filed this suit, and the Court and the parties would not have wasted more than five months litigating it. This is highlighted by the fact that, upon learning this information, Swarmify promptly voluntarily moved to dismiss its claims. Cloudflare incurred its costs by its own doing, and the Court should not permit those costs to be reimbursed.

### III.   Conclusion

Swarmify therefore respectfully requests that the Clerk and the Court decline to award costs to Cloudflare.

Dated:  August 7, 2018                    Respectfully submitted,

SKIERMONT DERBY LLP          By: */s/ Sarah E. Spires*_____

                                                  Sarah E. Spires

                                                  Attorney for Swarmify, Inc.

## CERTIFICATE OF SERVICE

Pursuant to Civil Local Rule 5-5, I hereby certify that on the 8th day of August, 2018, the foregoing document was served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.


Dated:  August 7, 2018                    Respectfully submitted,

SKIERMONT DERBY LLP              By: */s/ Sarah E. Spires*_____

                                          Sarah E. Spires

                                          Attorney for Swarmify, Inc.



## CERTIFICATE OF CONFERENCE

Pursuant to Civil Local Rule 54-2, I hereby certify that counsel for the parties met and conferred in an effort to resolve the above disagreement and no resolution was had.


Dated:  August 7, 2018                    Respectfully submitted,

SKIERMONT DERBY LLP              By: */s/ Sarah E. Spires*_____

                                          Sarah E. Spires

                                          Attorney for Swarmify, Inc.